61 So.2d 179 (1952)
BEASLEY
v.
GIRTEN.
Supreme Court of Florida, Division A.
October 31, 1952.
*180 William J. Pruitt, Miami, for appellant.
L.J. Cushman and Cushman, Gay & Woodard, Miami, for appellee.
TERRELL, Justice.
The pleadings in this cause were tendered, the issues were made, and the trial court called a pre-trial conference for the purpose of (1) simplifying the issues, (2) considering the necessity or desirability of amending the pleadings, (3) summarizing the evidence, determining the number of expert witnesses to be used, and discussing other matters to effect a prompt disposition of the case. Counsel were notified of the date and place for pre-trial conference but neither the plaintiff nor his counsel appeared nor gave any reason for their absence. Failing in this, the court entered an order dismissing the case "with prejudice" at the cost of the plaintiff. This appeal is from that order.
The point for determination is whether or not the trial court committed error in dismissing the cause for failure of plaintiff or his counsel to attend the pre-trial conference.
Common Law Rule 16, 30 F.S.A., and Equity Rule 77, 31 F.S.A. provide that the "court may of its own motion or shall on motion of either party to the cause direct and require the attorneys for the parties to appear before it for conference to consider and determine" the simplification of the issues, and for other purposes named in the rule. In the case at bar the trial judge called the conference, and the purposes for which he called it were well within those named in the rule.
The pre-trial conference rule was extracted from the Federal Rules of Civil Procedure, 28 U.S.C.A., and is considered by State and Federal Courts to be a great time saver and one of the best means yet devised to expedite the disposition of litigation. When neither party moves for a pre-trial conference, the holding of such a conference is within the discretion of the trial court. If either party moves for such a conference, it is mandatory. In either event it is the duty of counsel to attend or seek a continuance for cause. He should not treat the call with indifference, or ignore it as he did in this case. A motion to continue for cause should have the same consideration as any other motion. The pre-trial conference was designed as an aid to orderly procedure, to expedite and to reduce the burden and expense of litigation. Counsel are expected to conform with this rule as they would any other rule, or be called to account for failure to do so.
The court unquestionably has power to discipline counsel for refusal or failure to meet the requirements of the rule. Such refusal may warrant a citation *181 for contempt or a lesser degree of punishment, but it is our view that the major punishment for such delicts should ordinarily be imposed on counsel rather than on the litigant. Dismissal "with prejudice" in effect disposes of the case, not for any dereliction on the part of the litigant, but on the part of his counsel. We are not unmindful of the rule that counsel is the litigant's agent and that his acts are the acts of the principal, but since the rule is primarily for the governance of counsel, dismissal "with prejudice" would in effect punish the litigant instead of his counsel. Although persistent refusal to attend might, in the interest of justice, require a dismissal without prejudice, we think for the reasons given that such dismissal upon the first infraction is too severe.
In so far as the dismissal was "with prejudice", the order appealed from should be and is hereby reversed with leave to the plaintiff to move for reinstatement. If the motion is shown to have merit, it should be granted on conditions imposed by the Court.
SEBRING, C.J., and THOMAS and HOBSON, JJ., concur.