239 So.2d 529 (1970)
Irving A. GOLDMAN, Petitioner,
v.
Martin L. TABOR, Respondent.
No. 70-145.
District Court of Appeal of Florida, Second District.
September 25, 1970.
Ramseur, Bradham, Lyle, Skipper & Cramer, St. Petersburg, for petitioner.
John N. Samaha of Fowler, White, Gillen, Humkey & Kinney, St. Petersburg, for respondent.
LILES, Judge.
Petitioner has filed a petition for writ of common law certiorari, asking this court to review a pre-trial conference order issued by Judge Robert A. Freeze. William Duane Wood III, counsel for the petitioner, failed to appear at a pre-trial conference held by Judge Freeze. As a result of Wood's failure to attend, Judge Freeze dismissed, sua sponte, all pleadings of defendant and entered default judgment and set the case for trial on damages only.
Petitioner subsequently filed a motion asking the court to vacate and set aside its pre-trial order wherein all pleadings were stricken and a default judgment entered against petitioner, which motion was never set for hearing by Judge Freeze. Petitioner asks this court to hold that Judge Freeze erred in striking defendant's pleadings and entering default judgment on the question of liability.
This court held in Bader Bros. Van Lines, Inc. v. Jay, Fla.App. 1966, 183 So.2d 867, that such action as was taken here punishes the litigant rather than the attorney. This would certainly be the result in the instant case. The reason given by petitioner's attorney for his failure to attend the pre-trial conference was that he failed to receive notice. This was not refuted by respondent, and to allow the order to stand would be a severe punishment to the litigant, but would in no way affect his attorney.
For this reason the petition is hereby granted and the order striking defendant's pleadings and granting a default judgment is hereby quashed and the cause remanded for further proceedings.
HOBSON, C.J., and McNULTY, J., concur.