252 So.2d 379 (1971)
CRYSTAL LAKE GOLF COURSE, INC., Appellant,
v.
Melvin H. KALIN and Helen G. Kalin, Appellees.
No. 70-1098.
District Court of Appeal of Florida, Fourth District.
September 17, 1971.
*380 T. Minton Baughman, Pompano Beach, and A.M. Schwitalla, Miami, for appellant.
John R. Young, of Hamilton, James, Merkle & Young, West Palm Beach, and Musselman & Rhinehardt, Pompano Beach, for appellees.
MAGER, Judge.
The plaintiffs, claiming to be owners of certain described property which apparently was leased to defendant, sought to recover possession of the premises and filed a petition on November 19, 1970, for removal of the defendant. The petition alleged that the defendant was in arrears in the payment of rent as required by the lease agreement. Defendant filed its answer pursuant to the summons of the court on November 27, 1970. The court's order of December 7, 1970, found for the plaintiff and ordered delivery of the possession of the property to the plaintiff with execution thereon.
The court's order of December 7 is not before us for review, no timely appeal having been taken therefrom. The sole issue before this court is whether the trial court abused its discretion in denying defendant's motion to vacate which order of denial is a final appealable order. Odum v. Morningstar, Fla.App. 1963, 158 So.2d 776; Rogers v. First National Bank at Winter Park, Fla.App. 1969, 223 So.2d 365, rev'd on other grounds Fla., 232 So.2d 377.
Upon a careful review of the record we are of the opinion that defendant's motion to vacate sets forth sufficient facts to justify the granting of relief in accordance with the spirit and intent of Rule 1.540(b), F.R.C.P., 31 F.S.A.
The record reflects that the cause below was conducted under the summary procedure provisions, as set forth in Sections 83.21 and 51.011, Florida Statutes, F.S.A. The record further reflects that subsequent to the filing of the plaintiffs' petition and the defendant's answer the trial court, on December 2, issued an order for a pretrial conference to be held on December 7, 1970 "for the purpose of a conference on the facts and issues involved". The defendant failed to attend the pretrial conference. The trial court apparently proceeded on an ex parte basis and entered its order of December 7 in favor of plaintiff. On December 8, 1970, the defendant filed a "motion to vacate default", asserting that through error, inadvertence and excusable neglect on the part of the counsel for the defendant the date of the pretrial conference was not properly noted by defense counsel's secretary in his diary book. Defendant's counsel candidly admitted that it was his responsibility to be informed but by reason of the foregoing he had no knowledge of the pretrial conference date until late in the afternoon of December 7. It appears that on the morning of December 8, 1970, defendant filed the aforementioned motion to vacate default. On December 23, 1970, the trial court denied defendant's motion to vacate.
Since the order of December 7 contains no finding that such order was entered as a result of defendant's failure to appear, nor does the record indicate compliance with Rule 1.500(b) pertaining to defaults and final judgments thereon, it must be assumed that the lower court's order was entered pursuant to Rule 1.200, F.R.C.P., 30 F.S.A., the pertinent part of which provides:
"* * * Upon failure of an attorney for a party to attend the (pretrial) conference, the court may dismiss the suit or strike the answer or take such action as justice requires."
In Beasley v. Girten, Fla. 1952, 61 So.2d 179, the Supreme Court of Florida, speaking through the late Mr. Justice Glenn Terrell, observed that the pretrial conference rule was designed to be a great time saver and one of the best means yet devised to expedite the disposition of litigation; counsel are expected to conform with this rule as they would any other rule *381 or be called to account for failure to do so. In reversing the trial court's order dismissing the cause with prejudice for failure to attend a pretrial conference, Justice Terrell observed:
"The court unquestionably has power to discipline counsel for refusal or failure to meet the requirements of the rule. Such refusal may warrant a citation for contempt or a lesser degree of punishment, but it is our view that the major punishment for such delicts should ordinarily be imposed on counsel rather than on the litigant. Dismissal `with prejudice' in effect disposes of the case, not for any dereliction on the part of the litigant, but on the part of his counsel. We are not unmindful of the rule that counsel is the litigant's agent and that his acts are the acts of the principal, but since the rule is primarily for the governance of counsel, dismissal `with prejudice' would in effect punish the litigant instead of his counsel. Although persistent refusal to attend might, in the interest of justice, require a dismissal without prejudice, we think for the reasons given that such dismissal upon the first infraction is too severe." (Emphasis added.)
See also Goldman v. Tabor, Fla.App. 1970, 239 So.2d 529.
We cannot condone counsel's failure to comply with an order of the court for a pretrial conference; but neither can we approve the entry of a final judgment for such failure where the record is devoid of any evidence reflecting a persistent refusal to attend or a wilful disregard of an order of court. The pretrial conference was designed to expedite the disposition of litigation and not to serve as a substitute for a trial on the merits. The failure of counsel to attend while subjecting him to judicial sanctions ought not in this case serve as a predicate upon which to punish the litigant. (Beasley v. Girten, supra). The record is also devoid of any response by the plaintiff to or refutation of defendant's sworn motion and affidavit in support of his motion to vacate.
Although the defendant has styled his motion as "motion to vacate default", such nomenclature is not controlling; what is important is the content of the motion in support of the objective, namely, to vacate a judgment by reason of mistake, inadvertence and excusable neglect. In Evans v. Hydeman, Fla.App. 1964, 168 So.2d 183, the Second District, speaking through Judge Kanner, observed:
"* * * The established rule in Florida, either as to the opening of defaults or the vacating of judgments, is that these are matters of judicial discretion and that, in case of reasonable doubt, where there has been no trial upon the merits, this discretion is usually exercised in favor of granting the application for such a procedure so as to permit determination of the controversy upon the merits. North Shore Hospital, Inc. v. Barber, supra [Fla. 143 So.2d 849]; Coggin v. Barfield, 1942, 150 Fla. 551, 8 So.2d 9; Stevens-Davis Co. v. Stock, 1940, 141 Fla. 714, 193 So. 745."
We recognize that we are dealing with a summary procedure as prescribed by Section 51.011, supra; but we equally recognize that we are dealing with the rights of parties to the use, enjoyment and possession of property which ought not to be summarily determined without a trial on the merits. Under our system of pleading and practice we are no longer concerned with the tricks and technicalities of the trade:
"The trial of a lawsuit should be a sincere effort to arrive at the truth. It is no longer a game of chess in which the technique of the maneuver captures the prize." Cabot v. Clearwater Construction Company, Fla. 1956, 89 So.2d 662, 664.
See also Rogers v. First National Bank at Winter Park, supra.
*382 It is our opinion that the ends of justice would best be served by reversing the order denying the motion to vacate. Accordingly, the order of December 7 is vacated with directions to the trial court to conduct such other proceedings not inconsistent with this opinion.[1]
Reversed.
REED, C.J., and OWEN, J., concur.
NOTES
[1] Since all defenses of law and fact are required to be contained in defendant's answer, defendant's motions filed subsequent to his answer and not otherwise ruled upon by the trial court can be disposed of in accordance with F.S. section 51.011, F.S.A., and Rule 1.140, FRCP. Nothing contained herein is intended to preclude the trial court from permitting pleadings to be amended "in furtherance of justice, upon such terms as may be just". (Rule 1.190(e), FRCP).