OWEN, Chief Judge.
In a civil action for damages the plaintiff’s complaint was dismissed with prejudice as a sanction under Rule 1.380, RCP, 30 F.S.A., for failure to comply with certain orders relating to discovery. His timely motion to vacate was granted. It is the latter order which defendant now appeals.
Despite appellant’s contention that the motion to vacate, if proper at all, could be brought under no rule other than 1.530, RCP, 31 F.S.A., it is apparent to us that the motion was filed pursuant to Rule 1.-540(b) on the basis of counsel’s excusable neglect. The order dismissing the complaint with prejudice had been entered because on four occasions plaintiff and his counsel had failed to appear for the taking of plaintiff’s deposition, the last of which had been scheduled pursuant to order of court rather than upon mere notice. The motion to vacate, and the affidavits in support thereof, set forth the various reasons why plaintiff’s counsel had been unable to attend at the scheduled times, due either to being out of state on vacation, engaged in trial, or in the hospital for surgery. Plaintiff’s counsel also conceded that the failure of the plaintiff to attend was due solely to the fault of counsel and not to any willful refusal on the part of the plaintiff.
While the several grounds presented in support of the motion to vacate may have been marginal in substance, the issue is whether the court abused its discretion in vacating the dismissal with prejudice. Rogers v. First National Bank at Winter Park, Fla.1970, 232 So.2d 377. Upon the rationale of such cases as Beasley v. Girten, Fla.1952, 61 So.2d 179; Crystal Lake Golf Course, Inc. v. Kalin, Fla.App.1971, *37 252 So.2d 379 and Goldman v. Tabor, Fla.App.1970, 239 So.2d 529 (all holding that counsel’s failure to comply with the court’s order should not result in punishment to the litigant), we hold that no abuse of discretion was shown here.
Affirmed.
DOWNEY, J, and PAUL, MAURICE M., Associate Judge, concur.