PEARSON, Judge.
This appeal is by the plaintiffs from an order dismissing their cause when their attorney failed to be present at the time of the call of the trial calendar, and from a subsequent order denying plaintiffs’ motion to reinstate the cause. We hold that the trial court abused its discretion in failing to reinstate the cause when it was established without controversy that the attorney’s failure to respond to the call was through misunderstanding and inadvertence rather than neglect or failure to prosecute the case. The pretrial activity proceeded normally with the trial court setting the case for jury trial for the two week period commencing April 5, 1976, and directing the attorneys to appear ready for trial at the call of the trial calendar on April 5, 1976, at 9:30 a. m. The parties, thereafter, filed their normal pretrial catalogues.
On Monday, April 5, 1976, at 9:30 a. m., trial counsel for the Kuhlmans appeared for the calendar call; however, the case was not then assigned a time or date for trial. At the end of the calendar call on April 5th, trial counsel did not understand the court to *942 say that court would begin at a different time the next day, that is, at 9:00 a. m., instead of 9:30 a. m. Counsel’s affidavit stated that he was informed by the clerk of the court that he should be present at the same time the following day, that is, at 9:30 a. m. On the following day, Tuesday, April 6th, an attorney from the office of trial counsel reported for the calendar call at 9:30 a. m., and was advised that the calendar call had commenced at 9:00 a. m. and that the present case had been dismissed. On the same day, the trial court signed the order of dismissal.
The order of dismissal stated that the case had been noticed for trial and that the plaintiffs failed to appear to prosecute, therefore, the cause was dismissed. The order of dismissal did not specify whether the same was “with prejudice” or “without prejudice.”
Although the order of dismissal did not specify that it was with prejudice, it would be so interpreted because of Fla.R. Civ.P. 1.420(b). It is clear that the dismissal should have been without prejudice in any event inasmuch as it was not dismissed upon the merits. See Masser v. London Operating Co., 106 Fla. 474, 145 So. 72 (1932); see also Rashard v. Cappiali, 171 So.2d 581 (Fla.3d DCA 1965).
The Kuhlmans immediately filed their Motion to Vacate and Set Aside the Dismissal on April 7, 1976, as well as an unre-futed affidavit of trial counsel. The motion and affidavit clearly demonstrated to the trial court that a misunderstanding concerning the time to report for the calendar call was the only reason that counsel for the Kuhlmans was present on Tuesday, April 6, 1976, at 9:30 a. m., instead of 9:00 a. m. Counsel for the Kuhlmans offered and requested that the case be permitted to proceed to trial immediately during the scheduled two week period. The Kuhlmans’ Motion to Vacate and Set Aside Dismissal was denied.
Under circumstances where a misunderstanding of counsel rather than neglect on his part caused the dismissal of the cause, the client should not suffer the consequences and, therefore, the trial court abused its discretion in failing to reinstate the cause. See Beasley v. Girten, 61 So.2d 179 (Fla.1952); Goldman v. Tabor, 239 So.2d 529 (Fla.2d DCA 1970); Crystal Lake Golf Course, Inc. v. Kalin, 252 So.2d 379 (Fla.4th DCA 1971); and cf. Moss v. State Farm Mutual Automobile Ins. Co., 328 So.2d 495 (Fla.4th DCA 1976).
Accordingly, we reverse the order denying plaintiff’s Motion to Vacate and Set Aside the Dismissal, and remand the cause with directions to vacate the order of dismissal and to place the cause on the next available trial calendar.
Reversed and remanded with directions.