MAGER, Chief Judge,
dissenting:
A reading of the record suggests, most respectfully, that the ends of justice would best be served by reversing the order denying defendant-appellant’s motion to vacate.
The appellate record reflects allegations by the defendant-appellant that he had no notice or knowledge, constructive or otherwise, of the nonjury trial resulting in the final judgment rendered against it. Apparently defendant-appellant’s original counsel of record was aware of the trial date but had withdrawn as counsel of record prior to that date.
Whatever sanctions might be imposed upon defendant-appellant’s original counsel of record for alleged failure to advise his client of the trial, the circumstances of the instant case suggest that such conduct should not be visited upon the litigant; there is a sufficient showing of inadvertence or excusable neglect so as to necessitate relief from final judgment. Crystal Lake Golf Course, Inc. v. Kalin, 252 So.2d 379 (Fla. 4th DCA 1971). At the least, I would remand the ease to the trial court for the purpose of conducting an evidentiary hearing or for otherwise ascertaining how the trial court determined that “the said defendant had proper notice of trial through its counsel of record.” I therefore respectfully dissent.