369 So.2d 424 (1979)
BERNUTH MARINE SHIPPING, INC., Appellant,
v.
INTEGRATED CONTAINER SERVICE, INC., Appellee.
Nos. 78-1137, 78-1138.
District Court of Appeal of Florida, Third District.
April 3, 1979.
Richard F. Ralph, Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara and Richard A. Sherman, Fromberg, Fromberg & Roth and Jeffrey Michael Cohen, Miami, for appellant.
Reginald M. Hayden, Jr., Miami, for appellee.
*425 Before PEARSON, HENDRY and KEHOE, JJ.
KEHOE, Judge.
Appellant, defendant below, brings this appeal from a final judgment entered pursuant to a jury verdict and from the orders denying its motions to vacate and for relief from the judgment. We reverse.
In this case, appellant's attorney of record in the trial court, failed to file a pre-trial catalogue pursuant to the trial court's order for all parties to do so. (Appellant was one of four defendants below). The order also stated that "all attorneys [were] to appear for the call of the calendar the Thursday preceding the first trial week... . Failure to appear may result in ... the striking of the pleadings of the Defendant and entry of a default." On the day of this calendar call, appellant's attorney of record couldn't attend so he sent another attorney from his office. This attorney arrived late and, although the judge was still on the bench, spoke to a person who advised him that appellant's case was number six for trial. At that time, the substitute attorney did not learn that appellant's pleadings had been struck for the failure of its counsel to appear at calendar call. Later, appellant's attorney of record called the trial judge's office to determine if he was number six on the first or second week of the trial period. He was told that the case was to be called in the first week. Thereafter, he waited for the judge's office to notify him that it was his turn. On Wednesday of the trial period, the plaintiff and two of the other defendants[1] who had appeared were noticed that their case was up. That afternoon a jury was selected. On Thursday morning, these parties settled and the plaintiff proceeded with its case against appellant and the remaining defendant. The trial court directed a verdict of guilty on the question of liability and submitted the damages issue to the jury. The jury then returned a verdict against appellant in the amount of $224,000.
Thereafter, appellant's attorney of record learned through his client that the case had been tried; he then moved to vacate the verdict and judgment. The motion was denied, and a final judgment was entered by the trial court against appellant. Thereafter, appellant's new counsel filed a motion for relief from this final judgment; this motion was also denied. From the orders denying the motions to vacate and for relief from the judgment and the final judgment, appellant appeals.
Appellant contends that (1) being late for a calendar call or failing to submit a trial catalogue does not justify proceeding to a trial and entering a judgment against it; and (2) even if some sanction was justified, the trial court erred in not giving it notice or granting a hearing on the striking of the pleadings.
There is no question about the trial court's authority to impose some sanction against appellant's counsel for failing to submit a pre-trial catalogue or to appear at calendar call. However, under the facts of this case, in our opinion, it was too harsh a sanction to strike appellant's pleadings and to proceed to a jury trial without giving it notice. See, e.g., W.G.C., Inc. v. The Man Co., 360 So.2d 1152 (Fla. 3d DCA 1978); Travelers Insurance Co. v. Rodriguez, 357 So.2d 464 (Fla. 2d DCA 1978); Graber v. Gassman, 321 So.2d 82 (Fla. 3d DCA 1975); Byron Holding Corp. v. Cohen, 284 So.2d 412 (Fla. 3d DCA 1968); and Ortiz v. Nicolaides, 196 So.2d 186 (Fla. 3d DCA 1967). Accordingly, the final judgment appealed is reversed and the cause is remanded to the trial court with directions to reinstate appellant's pleadings and allow the matter to proceed to trial. However, the trial court may impose other appropriate sanctions in its discretion.
Reversed and remanded with directions.
NOTES
[1] One of the other defendants also failed to file a pre-trial catalogue or appear at calendar call. His pleadings were also struck; however, he is not a party to this action