BASKIN, Judge.
This is an appeal from an order dismissing appellant Rosenberg’s answer and counterclaim, striking his answer and counterclaim, and denying his motion for judgment on the pleadings. We reverse in part.
The Millers sued Rosenberg seeking to foreclose a mortgage. Rosenberg moved to dismiss the claim. The trial court denied the motion, and the Millers amended their complaint. In an order dated October 14, 1983, the trial court granted the Millers’ motion to amend the complaint and required Rosenberg to file his answer to the amended complaint within 15 days from the date of the order, that is, by October 29, 1983. Rosenberg’s answer and counterclaim were not served until November 22, 1983, were filed December 1, 1983, and were recorded March 7, 1984. Upon motion to strike filed by the Millers, the trial court entered an order striking and dismissing the answer and counterclaim.
The record in this case does not present the extreme case required to justify a sanction as severe as striking the pleadings. J.I.Case Co. v. Steel Fabricators, Inc., 438 So.2d 881 (Fla. 4th DCA 1983). Furthermore, because this case involves appellant’s failure to comply with a court order setting forth a specific time to file an answer rather than the existence of “redundant, immaterial or scandalous matter [in a] pleading_”, Fla.R.Civ.P. 1.140(f), the motion to strike should have been treated as a motion for involuntary dismissal pursuant to Florida Rule of Civil Procedure 1.420(b)(1981).
Rule 1.420(b) provides, in pertinent part:
Involuntary Dismissal. Any party may move for dismissal of an action or of any claim against him for failure of an adverse party to comply with these rules or any order of court. Notice of hearing on the motion shall be served as required under Rule 1.090(d). (emphasis added)
The notice required by Rule 1.420(b) was not served. See Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So.2d 51 (Fla. 3d DCA), review denied, 424 So.2d 763 (Fla.1982). We therefore reverse the portion of the order dismissing and striking Rosenberg’s answer and counterclaim. Finding no merit in the remaining points, we affirm the trial court’s denial of Rosenberg’s motion for judgment on the pleadings.
Affirmed in part; reversed in part and remanded for further proceedings.