539 So.2d 542 (1989)
UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant,
v.
Richard W. HERR and Jean L. Herr, Appellees.
No. 88-1585.
District Court of Appeal of Florida, Third District.
March 7, 1989.
Touby, Smith, DeMahy & Drake and Kathleen Touby, Miami, for appellant.
Frigola, DeVane & Wright and Alfred K. Frigola, Marathon, for appellees.
Before FERGUSON and JORGENSON, JJ., and JOHN G. FERRIS (ret.), Associate Judge.
*543 PER CURIAM.
United States Fidelity & Guaranty appeals an order dismissing  as a sanction  its $88,000 indemnity claim after the appellant's attorney failed to appear for a scheduled pretrial conference.
The notice of pretrial conference, scheduled for May 17, 1988, at 1:30 p.m., was changed to 9:00 a.m. by a second notice allegedly mailed on April 12, 1988. Appellant's counsel contends that he never received a copy of the notice changing the time from 1:30 p.m. to 9:00 a.m., and that he first learned of the time change during a call to the court's chambers at 9:15 a.m. on May 17, 1988; the call was made to confirm the 1:30 p.m. pretrial conference. It is undisputed that the court refused to permit the conference to proceed telephonically, even though the appellees' counsel was present, or to renotice the conference.
The failure of appellant's Miami-based attorney to appear at the pretrial conference in Marathon is the only record showing of an unexcused violation of court orders.
Review of the entire record discloses no evidentiary support for the court's finding that the appellant's attorney showed willful and contumacious disregard for the court's authority.[1] The delays in bringing this case to trial were occasioned by the actions, or inactions, of both parties.
In Aller v. Editorial Planeta, S.A., 389 So.2d 321, 322 (Fla. 3d DCA 1980) we held on similar facts:
The order dismissing plaintiff's complaint without prejudice, for failure of his counsel to appear at a pretrial conference ... was too severe a sanction to visit upon a litigant where the record is devoid of evidence reflecting his willful, or flagrant disregard for the court's authority. For derelictions of this nature, the court is empowered to discipline the offending attorney by contempt or other appropriate punishment. Beasley v. Girten, 61 So.2d 179 (Fla. 1952); Crystal Lake Golf Course, Inc. v. Kalin, 252 So.2d 379 (Fla. 4th DCA 1971).
The Aller holding is controlling.
REVERSED AND REMANDED.
NOTES
[1] We do not address the question raised at oral argument whether a separate notice and an opportunity to be heard is required in every case where the court imposes the severe sanction of dismissal  based in part on prior events  for willful and contumacious disregard of its authority.