569 So.2d 836 (1990)
WORLD ON WHEELS OF MIAMI, INC., a Florida Corporation, Appellant,
v.
INTERNATIONAL AUTO MOTORS, INC., a Florida Corporation, Appellee.
No. 90-253.
District Court of Appeal of Florida, Third District.
November 6, 1990.
*837 Carlos A. Rodriguez and Irving J. Gonzalez, Hollywood, for appellant.
Mark A. Gatica; William A. Daniel, Jr., Stuart, for appellee.
Before HUBBART and FERGUSON and LEVY, JJ.
PER CURIAM.
This is an appeal by the plaintiff World On Wheels of Miami, Inc. from a final order dismissing its action below with prejudice because plaintiff's counsel failed to file a pretrial stipulation, failed to appear at a calendar call, and failed to appear for trial  all as required by a single court order. Although we agree that the trial court could properly find, as it did, that the order in question was mailed to and received by plaintiff's counsel by virtue of the certificate of service on the subject order, notwithstanding the affidavits filed below denying receipt of the order by the plaintiff's counsel, see Scott v. Johnson, 386 So.2d 67, 69 (Fla. 3d DCA 1980),[1] we conclude that counsel's derelictions do not reflect such a willful and flagrant disregard for the court's authority as to warrant the imposition of the severe sanction of dismissal with prejudice. See Beasley v. Girten, 61 So.2d 179 (Fla. 1952); Blanco v. Allstate Ins. Co., 561 So.2d 1370 (Fla. 3d DCA 1990); United States Fidelity & Guar. Co. v. Herr, 539 So.2d 542 (Fla. 3d DCA 1989). We, accordingly, reverse the final order of dismissal and remand the cause for further proceedings with leave for the trial court in its discretion to impose lesser sanctions in this case, including a dismissal without prejudice, if otherwise appropriate. See Beasley v. Girten, 61 So.2d 179, 180-81 (Fla. 1952); Aller v. Editorial Planeta, S.A., 389 So.2d 321 (Fla. 3d DCA 1980).
We reach this result based primarily on the authority of Bernuth Marine Shipping, Inc. v. Integrated Container Serv., Inc., 369 So.2d 424 (Fla. 3d DCA 1979), which held that it was error for the trial court to strike the defendant's pleadings after defense counsel had failed, as here, (a) to file a pretrial catalog and (b) to timely appear for a calendar call  all as required by a single court order. This court reversed the final judgment entered for the plaintiff after a trial on damages and concluded that "under the facts of this case, in our opinion, it was too harsh a sanction to strike appellant's pleadings and to proceed to a jury trial without giving it notice." Id. at 425. In the instant case, the only additional dereliction of counsel was his failure to appear at trial which, in our view, was not enough to justify the harsh sanction of a dismissal with prejudice.
Reversed and remanded.
NOTES
[1] The certificate of service on the subject order was prima facie proof that the said order was mailed to plaintiff's counsel, and proof of such mailing created a presumption (although not an irrebuttable one) that plaintiff's counsel received the order in the mail; on the other hand, the plaintiff's affidavits filed below constituted some evidence that the subject order was not received in the mail by plaintiff's counsel. It therefore became a question of fact as to whether plaintiff's counsel had received the subject order in the mail; the trial court resolved this issue against the plaintiff. Scott at 69.