582 So.2d 147 (1991)
DAVE'S ALUMINUM SIDING, INC., Appellant,
v.
C & M VENTURES, Appellee.
No. 90-2694.
District Court of Appeal of Florida, Third District.
July 9, 1991.
David M. Shenkman, Coral Gables, for appellant.
David L. Manz, Marathon, for appellee.
Before LEVY, GERSTEN and GODERICH, JJ.
PER CURIAM.
The plaintiff, Dave's Aluminum Siding, Inc., appeals from a final order dismissing its complaint against C. & M. Ventures, Inc. We reverse.
The trial court scheduled a case management conference ordering the parties to appear in court on October 17, 1990. The parties prepared and filed a written statement in compliance with the case management conference. The plaintiff contends that he had advised the trial judge's secretary the day before the conference of his inability to be at the hearing due to a scheduling conflict and requested a telephone conference. The trial judge would not allow the plaintiff's counsel to appear by telephone, despite the fact that the defendant had no objection to the plaintiff appearing by telephone. The trial court dismissed the plaintiff's complaint without prejudice due to the plaintiff's counsel failure to appear at the conference. The plaintiff appeals.
After the very professional presentation made by the attorneys on both sides and our careful review of the record, we find that the trial court abused its discretion by dismissing the plaintiff's complaint. That action was too severe a sanction where the record is devoid of evidence showing that the failure of counsel to appear at the case management conference was a willful or *148 flagrant disregard for the court's authority. See United States Fidelity & Guar. Co. v. Herr, 539 So.2d 542 (Fla. 3d DCA 1989); Bullock v. Metropolitan Dade County, 438 So.2d 151 (Fla. 3d DCA 1983); Catogas v. Sapp, 397 So.2d 1182 (Fla. 3d DCA 1981); Aller v. Editorial Planeta, S.A., 389 So.2d 321 (Fla. 3d DCA 1980). Therefore, the order dismissing the plaintiff's complaint without prejudice is reversed.
Reversed and remanded.