PER CURIAM.
Defendants appeal from an order denying their motion to vacate a final judgment and order of default. For the following reasons, we reverse.
Following a failed business transaction, H.H. Dachiel sued defendants in 1988 on various causes of action. When defendants and their attorney failed to appear at a scheduled calendar call in October, 1991, the trial court issued an order to show cause why defendants’ pleadings should not be stricken. Unbeknownst to defendants, their attorney had been disbarred and had closed his practice. At the hearing on the order to show cause, neither defendants nor their attorney appeared. The trial court struck defendants’ pleadings and, on the same day, conducted a bench trial on damages. Judgment was entered for the plaintiff for $496,175.34. Defendants learned of the final judgment upon being served with a subpoena of taking deposition in aid of execution, and retained counsel to move to vacate or set aside the final judgment. The trial court denied the motion.
“The ordinary result of a failure to attend a special call of a trial calendar is to *578 subject oneself to a setting of the cause for trial without opportunity to object.” Byron Holding Corp. v. Cohen, 284 So.2d 412, 413 (Fla. 3d DCA 1973). Here, however, defendants had their pleadings stricken and a substantial default judgment entered against them. This case “does not present the extreme case required to justify a sanction as severe as striking the pleadings.” Rosenberg v. Miller, 453 So.2d 885, 886 (Fla. 3d DCA 1984). See also World on Wheels, Inc. v. International Auto Motors, Inc., 569 So.2d 836 (Fla. 3d DCA 1990).
Accordingly, we reverse the final judgment and the order striking the defendants’ pleadings, and remand for further proceedings.
REVERSED AND REMANDED.