PER CURIAM.
At the combined pretrial conference and calendar call in the appellant’s re-plevin, malpractice and conversion suit, the trial court dismissed the appellant’s suit with prejudice, based upon findings of misconduct on the part of appellant’s counsel with respect to the “speedy and fair” resolution of the litigation. “Dismissal of an action is a drastic remedy which should be used only in extreme situations and upon a showing of deliberate and contumacious disregard of the trial court’s authority.” Beauchamp v. Collins, 500 So.2d 294, 295 (Fla. 3d DCA 1986), review denied, 511 So.2d 297 (Fla.1987); see Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983); World on Wheels of Miami, Inc. v. International Auto Motors, Inc., 569 So.2d 836, 837 (Fla.3d DCA 1990). Moreover, the sanction of dismissal necessarily visits the sins of the attorney upon the client/litigant. See Kozel v. Ostendorf 629 So.2d 817, 818 (Fla.1993); Wallraff v. T.G.I. Friday’s, Inc., 490 So.2d 50, 52 (Fla.1986); Beasley v. Girten, 61 So.2d 179, 180-81 (Fla.1952); Clay v. City of Margate, 546 So.2d 434, 435 (Fla. 4th DCA), review denied, 553 So.2d 1164 (Fla.1989). Consequently, since the record reflects absolutely no malfeasance on the part of the appellant, we find that the trial court abused its discretion by dismissing the appellant’s case. See Dave’s Aluminum Siding, Inc. v. C & M Ventures, 582 So.2d 147, 147 (Fla. 3d DCA 1991); United States Fidelity & Guar. Co. v. Herr, 539 So.2d 542, 543 (Fla. *631 3d DCA 1989); Beauchamp, 500 So.2d at 295. We reverse and remand for further proceedings consistent herewith.
Reversed and remanded.