W. SHARP, Judge,
dissenting.
I respectfully dissent in this case because I disagree that the discovery violations engaged in by Dibello's attorney were sufficiently egregious to warrant the ultimate sanction of dismissing Dibello’s lawsuit with prejudice. Indeed some sanctions were warranted for the attorney’s unprofessional behavior, but the client himself was not involved in most of the misconduct. And there were less onerous sanctions available to the trial court, such as not permitting the witnesses who had not been deposed previously to testify, and contempt sanctions targeted at the attorney. They would have sufficed, to negate any prejudice to Ocean Design Inc., and still have allowed Dibello his day in court. See Crystal Lake Golf Course Inc. v. Kalin, 252 So.2d 379 (Fla. 4th DCA 1971); Goldman v. Tabor, 239 So.2d 529 (Fla. 2d DCA 1970).
Admittedly the trial court in this case made findings sufficient to satisfy Commonwealth Federal Savings and Loan Ass’n. v. Tubero, 569 So.2d 1271 (Fla.1990) — that the plaintiff demonstrated a “contumacious disregard” of the court’s authority, that the disregard of discovery requests was “willful and gross,” and that the opposing party was “severely prejudiced.” However, the laundry list of defects and failures do not appear to me to merit such heavy words.
Both parties agreed that the worst failure by Dibello’s attorney was his very belated filing of a witness list. The list was due pursuant to the pretrial order on November 1, 1995, and the case was set for trial on December 11, 1995. The trial of the case was continued at Ocean’s request until the January 15, 1996, two-week trial docket. Dibello’s attorney did not read the order carefully, and assumed he had additional time in which to file the witness list. He was disabused of this assumption by the next order of the court, which required him to file the witness list and respond to Ocean’s Expert Interrogatories, Third Interrogatories, Fourth Interrogatories, Supplemental Interrogatories, and Supplemental Request to Produce by December 12,1995.
The witness list was filed on December 22, 1995 — three weeks before the scheduled trial docket. Earlier on December 11, both counsel attended a preliminary conference to complete a pretrial stipulation. At this conference exhibits were shown and reviewed, witness and exhibit lists were exchanged and a draft of a pretrial stipulation was reviewed. At that conference, the attorney for Dibello represented that all the witnesses on his list had been deposed in this lawsuit previously. However, when the list was filed, there were fifteen witnesses who had not been deposed, and opposing counsel had not previously been aware of them, or the content of their proposed testimony. It would have been entirely appropriate to sanction the lawyer at that point and bar any undeposed witness from testifying at trial.
The basis for Ocean’s motion to dismiss the lawsuit with regard to the balance of the discovery violations was that the answers given by Dibello were incomplete and evasive. They were filed two days late on December 13, 1995. I disagree that the responses were so late or so evasive as to merit the ultimate sanction imposed.
1. Fourth Set of Interrogatories
In response to four questions which asked specific details as to the existence and identity of documents to prove Dibello’s case, and the names of all persons with knowledge about alleged representations made by Ocean to Dibello, Dibello answered that he had explained all of these answers in his deposition which Ocean took on November 10,1994. Although that was not a satisfactory response, it did provide Ocean with sufficient information as to the factual and documentary basis for his allegations. In his deposition Dibello identified the only documents he was aware of and they were marked as Defendant’s Exhibits. He also identified his resume and memorandum he prepared. He also testified in his deposition extensively as to the factual basis for his lawsuit. Dibello’s failure to again answer in detail all of the matters testified to in his previous deposition appears to me as being not prejudicial, because his response would have been duplicitous of the prior discovery. How many times should a party be required to answer the same questions?
*988 2. Third Request for Production and Documents
This item is mentioned in the court’s order, but not in Ocean’s motion to dismiss. One item asked for all documentation concerning appraisals, tax bills, tax assessments pertaining to a house on Port Street in Deltona. Dibello answered: “None in my possession.”
The next request was for all documentation relating to Dibello’s purchase of that house, including deed, mortgage deeds, etc. He attached all documents in his possession.
The next question was for all documentation regarding the sale or lease of the house. Dibello attached all documents in his possession.
The final question was for documentation ' concerning unemployment compensation benefits or claims received by or filed by Dibello. Due to clerical error, this was not answered. However, Dibello told the paralegal who helped prepare the response that he in fact had no such documents in his possession.
3. Fifth Interrogatories
This item was also not mentioned in' Ocean’s motion, but it was mentioned in the court’s order of dismissal. It was also not the subject of a motion to compel.
Dibello fully answered the first question’ which was for his name, address and telephone number.
The second question asked what was Dibello’s relationship to James Stimpson. It was fully answered.
The third question asked for Stimpson’s current or last known address and telephone number. Dibello answered he did not know Stimpson’s whereabouts.
The fourth question asked if Lawrence Scott was going to be called as a witness at trial, and what his testimony would be. The reply was that Dibello did not know anything more than what Ocean had told him about Scott, at his deposition.
In sum, I disagree that these defects in timely responding to discovery requests (apparently duplicative of prior discovery in some regards) — were so woefully done in bad faith, and with such callous disregard of the court’s directive, and were so prejudicial to the opposing party, that dismissal, the ultimate sanction, was appropriate.