894 So.2d 1078 (2005)
Isaiah WILSON, Appellant,
v.
FORM WORKS, INC., a Florida corporation, Stiles-Ellis, Inc., a Florida corporation, and Sunrise Harbor, Appellees.
No. 4D04-1442.
District Court of Appeal of Florida, Fourth District.
March 2, 2005.
Lionel Barnet of Law Offices of Lionel Barnet, P.A., Miami, for appellant.
Donald H. Benson of Benson & Ross, P.A., Fort Lauderdale, for appellee Stiles-Ellis, Inc., a Florida corporation.
PER CURIAM.
This is an appeal from an order dismissing a complaint as a discovery sanction, for the failure of the plaintiff to comply with discovery requests. The trial court failed to consider the factors enumerated in Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993), in determining whether dismissal was appropriate. See Ham v. Dunmire, 891 So.2d 492, 500 (Fla.2004) (where the court *1079 wrote that "[t]he trial court's failure to consider the Kozel factors in determining whether dismissal was appropriate is, by itself, a basis for remand for application of the correct standard"). Based on Kozel and Ham, we reverse and remand to the trial court for further proceedings.
KLEIN and GROSS, JJ., concur.
MAY, J., dissents with opinion.
MAY, J., dissenting with opinion.
I respectfully dissent. The majority correctly recites the factors to be considered when evaluating the appropriateness of dismissing a complaint as a discovery sanction. See Ham v. Dunmire, 891 So.2d 492 (Fla.2004). Had the sanction of dismissal in this case been imposed simply because of a discovery violation, I would concur with the majority. However, I find this case to be distinguishable from the cases, including Ham, in which the sanction of dismissal was imposed. See, e.g., Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993); Elder v. Norton, 711 So.2d 586 (Fla. 2d DCA 1998); and Marin v. Batista, 639 So.2d 630 (Fla. 3d DCA 1994). Because the trial court entered the final judgment of dismissal as a sanction for non-compliance with two court orders directing the plaintiff to comply with discovery, I find no error in the court's dismissal of this case.
Here, the plaintiff failed to respond to initial discovery. The defendants extended the response time. The plaintiff again failed to comply. The defendants courteously reminded the plaintiff the extended deadline had passed. The plaintiff failed to respond. The defendants then filed an ex-parte motion to compel discovery ninety days after it had been requested. The court order entered on this motion gave the plaintiff another ten days to respond. The plaintiff failed to respond.
The defendants then filed a motion for sanctions. The court did not dismiss the case, but instead entered an order providing the plaintiff with yet another twenty days to respond. In its order, the court warned the plaintiff the case would be dismissed if the plaintiff did not comply. The plaintiff failed to respond. The defendants then filed a motion to dismiss based upon the plaintiff's failure to comply with discovery and two court orders. The plaintiff's attorney did not appear at the hearing and filed no response prior to that time. This prompted the court to enter the final judgment against the plaintiff.
Unlike the facts in Ham, not only had the plaintiff failed to comply with discovery, it failed to comply with two court orders, which had provided additional time to comply. If trial courts are stripped of their ability to enforce their own court orders, we will indeed live in a society of chaos. On the facts of this case, I would affirm.