935 So.2d 597 (2006)
The COCONUT GROVE PLAYHOUSE, INC., Petitioner,
v.
KNIGHT-RIDDER, INC., publisher of The Miami Herald, Respondent.
No. 3D06-1550.
District Court of Appeal of Florida, Third District.
August 9, 2006.
Akerman Senterfitt and Lawrence D. Silverman, Miami, for petitioner.
*598 Holland & Knight, LLP, and Sanford L. Bohrer, and Scott D. Ponce, Miami, for respondent.
Before GREEN, SUAREZ, and CORTIÑAS, JJ.
PER CURIAM.
The Coconut Grove Playhouse, Inc. ["Playhouse"], petitions for a writ of certiorari to quash an order of the circuit court requiring it to produce its confidential business information to respondent, Knight-Ridder, Inc., pursuant to section 119.07, Florida Statutes (2006), as a sanction for its failure to respond to a discovery subpoena. Based upon our finding that the order departs from the essential requirements of law, and causes material injury to the petitioner, for which there is no remedy on appeal, Martin-Johnson v. Savage, 509 So.2d 1097, 1099 (Fla.1987); State Farm Mutual Auto. Ins. Co. v. Kendrick, 780 So.2d 231 (Fla. 3d DCA 2001), we grant the petition and quash the order.
In May, 2006, Knight-Ridder, Inc., which publishes "The Miami Herald," filed a complaint against the Playhouse seeking inspection of its records under section 119.07. The complaint alleges that the Playhouse is "a public agency as defined by section 119.011(2)," Florida Statutes (2006), and is therefore required to produce its documents. On June 15, 2006, the trial court issued an order entitled "Alternative Writ of Mandamus and Order Setting Immediate Hearing." The order required the Playhouse to produce the subject documents at a June 21 hearing, or show cause why the Playhouse is not a public agency and therefore not required to produce the documents. The following day, June 16, Knight-Ridder served a subpoena on the Playhouse for certain other documents to be produced at the hearing, to aid its discovery efforts to establish that the Playhouse is a public agency. At no time did the Playhouse produce the documents or seek a protective order.
At the hearing, Knight-Ridder argued that it was entitled to a default on its complaint against the Playhouse because it failed to respond to the subpoena by bringing the documents to the hearing. The Playhouse argued that the complaint did not make a prima facie case for public agency records disclosure under the statute, that the Playhouse was a not-for-profit corporation and was not a public agency required to disclose under the statute. The court entered an Order finding that the Playhouse had failed to comply with the subpoena and as a sanction therefore ordered the Playhouse to produce the documents requested in the complaint, essentially entering a default in Knight-Ridder's favor. The Playhouse filed this petition.
The trial court's order in this case is tantamount to a default judgment against the Petitioner for its failure to comply with the subpoena for discovery materials. Before the trial court can enter such an extreme sanction, the court must consider the factors set forth in Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1994), for imposing such a severe sanction. Kozel requires that the court look at
1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration. Upon consideration *599 of these factors, if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative.
Kozel, 629 So.2d at 818. Typically, orders dismissing or defaulting parties for their failure to comply with discovery requirements must contain explicit findings. Commonwealth Fed. Savings & Loan Ass'n v. Tubero, 569 So.2d 1271, 1273 (Fla. 1990). In Ham v. Dunmire, 891 So.2d 492, 496 (Fla.2004), the court reasoned: "Express findings are required to ensure that the trial judge has consciously determined that the failure was more than a mistake, neglect, or inadvertence, and to assist the reviewing court to the extent the record is susceptible to more than one interpretation." In this case, the order contains no such consideration or findings, and nothing in the record supports a conclusion that such an extreme sanction is warranted in this case. See Ham, 891 So.2d 492, 500 (Fla.2004) ("trial courts [should] strike the appropriate balance between the severity of the infraction and the impact of the sanction when exercising their discretion to discipline parties to an action."); Beauchamp v. Collins, 500 So.2d 294 (Fla. 3d DCA 1986); Wilson v. Form Works, Inc., 894 So.2d 1078 (Fla. 4th DCA 2005).
In the absence of the requisite findings, we hold that the court departed from the essential requirements of law in ordering the disclosure of the information alleged in the complaint. We therefore quash the order under review and remand to the trial court for further proceedings consistent with this opinion.
Certiorari granted; order quashed.