# Third District Court of Appeal

## State of Florida

Opinion filed April 21, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1199
Lower Tribunal No. 19-3012
_____

**Cliff O. Hanson,**
Appellant,

vs.

**The Lofts Town Villas Condominium Association, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Cliff O. Hanson, in proper person.

Paul A. McKenna & Associates, P.A., and Andrew H. Braaksma, for appellee.

Before FERNANDEZ, LINDSEY and BOKOR, JJ.

PER CURIAM.

Cliff O. Hanson appeals the entry of a final summary judgment of foreclosure, alleging, in pertinent part, a lack of notice of the summary judgment hearing.[1]  The appeal appears to have substantive infirmities, such as the failure to put any evidence before the trial judge to counter the rebuttable presumption that appellant received notice of the complained-of hearing.  World on Wheels, Inc. v. Int'l Auto Motors, Inc., 569 So.2d 836, 837 n.1 (Fla. 3d DCA 1990).  However, we do not reach the merits of the appeal as we lack jurisdiction to hear untimely appeals.

The order on appeal was rendered on Monday, July 20, 2020, giving appellant 30 days from that date to file a notice of appeal.  See Fla. R. App. P. 9.110(b) ("(b) Commencement. Jurisdiction of the court under this rule shall be invoked by filing a notice, accompanied by any filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed . . . .").  Thirty days from July 20 is Wednesday, August 19, 2020.  As a result, the Notice of Appeal appears to have been filed one day late on August 20, 2020.  This is a jurisdictional defect that prevents consideration of the appeal. See Philip J. Padovano, 2

---

[1] We note that the order granting summary judgment is not a final order. However, even if we were to overlook this or consider the notice of appeal curable due to the referenced (but not attached) "summary final judgment of foreclosure," we cannot waive the jurisdictional defect of late filing of a notice of appeal.

Fla. Prac., Appellate Practice § 23:8 (2021 ed.) ("Because the notice of appeal is the document that invokes appellate jurisdiction, it is essential that the notice be filed within the jurisdictional time limit. When an untimely notice of appeal has been filed in a civil case, the appeal will be dismissed for lack of jurisdiction.").

Dismissed.