348 So.2d 1196 (1977)
NEIDA's BOUTIQUE, INC., Appellants,
v.
GABOR AND COMPANY et al., Appellees.
No. 76-1405.
District Court of Appeal of Florida, Third District.
July 19, 1977.
Rehearing Denied August 31, 1977.
*1197 Taylor, Brion, Buker & Greene and Arnaldo Velez, Miami, for appellants.
West, Friesner, Goldman & Major, Blackwell, Walker, Gray, Powers, Flick & Hoehl and Mark Hicks, Miami, for appellees.
Before HENDRY, C.J., and BARKDULL and NATHAN, JJ.
PER CURIAM.
Appellant, plaintiff below, appeals from a final order of dismissal entered in favor of appellees, defendants below.
Appellant's amended complaint sought damages from appellee, Gabor and Company, Inc., as agents for appellee, Parliament Insurance Company, for negligently failing to procure both a renewal of a prior fire insurance policy issued by Parliament and an increase in the amount of coverage on said policy. In addition, the amended complaint also sought damages from appellee Parliament by virtue of an alternate theory that a renewal policy with increased coverage was actually in full force and effect on the date that appellant's business suffered serious fire damage, which was shortly after the original policy of insurance had expired.
Appellees moved to dismiss the amended complaint for: failure to attach the policy of insurance that was allegedly in effect as of the date of the fire; failure to allege that the requested increase and extension of coverage was in fact obtainable under the terms and conditions as requested; and for the reason that there is no legal duty on behalf of an insurer to insure, merely because the same was requested, nor is there a duty for an agent to obtain insurance.
Thereafter, on April 13, 1976, the trial court entered an order dismissing the amended complaint with leave to amend within ten days from the date of the entrance of said order. On May 12, 1976, a second amended complaint was filed by appellants followed on May 13, 1976, by the trial court's final order of dismissal. A post trial "motion for rehearing, request for reconsideration and motion to vacate" was denied and this appeal follows.
Appellant's basic contentions are twofold. First, appellant contends that its amended complaint stated a cause of action entitling it to receive damages. Second, even assuming said amended complaint did not state a cause of action, appellant argues that the court erred in entering its order of dismissal (for failure to file its second amended complaint within the ten day period, as per the order) when in fact, the second amended complaint had been filed prior to the entrance of the order of dismissal.
After carefully reviewing the record, briefs and arguments of counsel, we are of the opinion that the final order of dismissal was proper and affirm. The amended complaint did not state a cause of action against either appellee in that, among other things, the complaint did not allege an agreement between the parties to secure a policy of insurance nor did said complaint specify the terms and conditions of the allegedly requested additional insurance. Hettenbaugh v. Keyes-Ozon-Fincher Insurance, Inc., 147 So.2d 328 (Fla.3d DCA 1962). The allegations show only a request by appellant for additional insurance which falls short of a contract to obtain or supply such insurance. Leonard Taylor Jewelers, Inc. v. Hartnett, Inc., 222 So.2d 243 (Fla.3d DCA 1969).
In addition, we find no abuse of discretion on the part of the trial judge in dismissing appellant's amended complaint with prejudice upon the failure of appellant to comply with the court's order allowing a second amended complaint to be filed within ten days. The record does not reveal any justification for appellant's failure to timely file its pleading nor does the record reveal that appellant sought any additional time in which to file. Fla.R.Civ.P. 1.420(b); Lasley v. Cushing, 244 So.2d 770 (Fla.1st DCA 1971); Reynolds v. Deep South Sports, Inc., 211 So.2d 37 (Fla.2d DCA 1968).
Any other points raised by either side on appeal have been considered by the court and have been deemed to be without merit.
Accordingly, the final order of dismissal is hereby affirmed.
Affirmed.