PEARSON, Judge.
The issue presented by this appeal is whether the trial court’s action of dismissing a cause with prejudice after plaintiff’s failure to elect between two counts of his complaint was an abuse of discretion. We hold that under the peculiar circumstances of this case, the dismissal with prejudice was an abuse of discretion.
It should first be made clear that a trial judge may properly dismiss a cause with prejudice for failure of a plaintiff to comply timely with an order of the court. See Clifford Ragsdale, Inc. v. Morganti, Inc., 356 So.2d 1321 (Fla. 4th DCA 1978). The circumstances of this case, which call into question the exercise of discretion by the trial court, are that the order requiring election within a stated time was susceptible to a misunderstanding by the plaintiff.
The court entered an order requiring the plaintiff to elect in writing within twenty days between count one and count two of his complaint. The plaintiff sought review of the order by interlocutory appeal. The trial court granted an order which postponed the plaintiff’s duty to elect “until after the appeal of that Order has been concluded.” This court affirmed without opinion. The plaintiff sought review of this court’s decision by petition for writ of cer-tiorari in the Supreme Court of Florida. The petition was denied. The plaintiff filed a motion for rehearing in the Supreme Court.[1] Finally, the plaintiff filed his notice of election twenty-eight days after the denial of his motion by the Supreme Court.
We hold that in the absence of an order of the trial court requiring election within a stated time from the receipt of the court’s mandate, the order requiring election was susceptible to misinterpretation. In the absence of notice to the plaintiff that his election must be filed at a definite time or suffer dismissal, it was an abuse of discretion to impose the drastic sanction of dismissal with prejudice. Cf. Edwards v. City of Fort Walton Beach, 271 So.2d 136 (Fla.1972), and Espinosa v. Racki, 324 So.2d 105 (Fla. 3d DCA 1975).
Thereupon, the order striking notice of election and dismissing the cause is reversed, the order awarding attorney’s fees is reversed and the cause is remanded for further proceedings in accordance with the views herein expressed.
Reversed and remanded.

. This opinion does not turn on tne question of the propriety of the appellate proceedings.