415 So.2d 161 (1982)
William J. JOHNSON and Ruth Johnson, His Wife, Appellants,
v.
LANDMARK FIRST NATIONAL BANK and Joseph Gunther, Appellees.
No. 81-1971.
District Court of Appeal of Florida, Fourth District.
June 23, 1982.
*162 Richard W. Smith of Johnson & Smith, Fort Lauderdale, for appellants.
Robert A. Ware of English, McCaughan & O'Bryan, Fort Lauderdale, for appellee, Landmark.
David T. Price of Price, Byrne & Tribbett, Fort Lauderdale, for appellee, Gunther.
BERANEK, Judge.
Appellants, William and Ruth Johnson, commenced action against appellees, Joseph Gunther and The Landmark First National Bank of Fort Lauderdale, in a complaint alleging fraud and violations of the Securities Act of 1933. Some three years later, the trial court dismissed their complaint without prejudice due to their attorney's failure to appear at various hearings and to otherwise comply with the trial court's orders. Appellants assert that the trial court abused its discretion in dismissing their action.
The severity of sanctions imposed by the trial court is a matter within its sound discretion and the exercise of this discretion will not be disturbed absent a clear showing of abuse. Ferrante v. Waters, 383 So.2d 749 (Fla. 4th DCA 1980); Hart v. Weaver, 364 So.2d 524 (Fla. 2d DCA 1978). As previously noted in our decisions, the ultimate sanction of dismissal should be employed only in aggravated situations. Swindle v. Reid, 242 So.2d 751 (Fla. 4th DCA 1970). The trial court here might well have sanctioned counsel directly by contempt and a fine. Although the members of this panel would have employed this less severe alternative, we confine ourselves to our review function. In this instance, a review of the record before us does not demonstrate an abuse of discretion. Appellate counsel suggests that the dismissal without prejudice will actually terminate the case because the statute of limitations has run. This is regretful, but we note that this argument was never brought to the trial court's attention and is raised for the first time on appeal. But for the actions of counsel, appellants would still have a cause of action. Appellants' only recourse now is an action against their counsel.
AFFIRMED.
DOWNEY and ANSTEAD, JJ., concur.