429 So.2d 94 (1983)
The LIFEGUARD CORPORATION, Appellant,
v.
U.S. HOME CORPORATION, Appellee.
No. 82-1933.
District Court of Appeal of Florida, Second District.
April 6, 1983.
*95 Elihu H. Berman of Krug, Berman & Silverman, Clearwater, for appellant.
Darryl R. Richards of Johnson, Blakely, Pope, Bokor, Ruppel & Tew, Clearwater, for appellee.
BOARDMAN, Acting Chief Judge.
Plaintiff Lifeguard Corporation appeals an order dismissing its case against defendant/appellee U.S. Home Corporation "for failure to prosecute, without prejudice however, to the Plaintiff's right to refile its cause of action." We reverse.
Appellant's complaint was filed on December 8, 1981. On December 21, 1981, appellee filed a motion to dismiss, which was granted in part and denied in part on February 10, 1982. On February 11, 1982, appellee filed its answer and affirmative defense. On April 5, 1982, appellant filed a motion to set the case for trial.
On April 15, the trial judge, Judge Federico, entered an order setting the case for trial the week of June 21, 1982, and setting pretrial conference for June 7, 1982, at 9:30 a.m. On June 10, 1982, the trial court's pretrial conference order was entered, and the parties' pretrial compliances were filed.
On June 23, the case "having come before the Court for trial, on Monday, June 21, 1982 at 9:00 A.M., in accordance with the Pretrial Conference Order dated June 9, 1982, and the Plaintiff and its counsel having failed to appear to prosecute said cause," the successor judge, Judge Driver, dismissed the case.
Appellant filed a motion for rehearing, asserting that at the pretrial conference the parties and Judge Federico had agreed that trial of the instant case would not begin until after disposition of another civil case that plaintiff's counsel was also scheduled to try the week of June 21, 1982; that trial of that other case was expected to begin on the morning of June 21, 1982, and to take two to three days; and that appellant's counsel's failure to appear before Judge Driver at 9:00 a.m. on June 21, 1982, was due to counsel's lack of awareness that Judge Driver expected counsel to appear in his courtroom at the time indicated in the pretrial conference order. Rehearing was denied, and this appeal followed timely.
While a trial court clearly has the power to dismiss a case as a sanction for the plaintiff's failure to comply with a court order, e.g., Surrency v. Winn & Lovett Grocery Co., 160 Fla. 294, 34 So.2d 564 (1948); Ramos v. Sanchez, 375 So.2d 51 (Fla. 2d DCA 1979), dismissal is a drastic remedy which should be used only in extreme situations. Flaksa v. Little River Marine Construction Co., 389 F.2d 885, 888 (5th Cir.), cert. denied, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968), quoted in Travelers Insurance Co. v. Rodriguez, 357 So.2d 464 (Fla. 2d DCA 1978).
The Travelers case is similar to the instant case. There a default judgment against the defendants was granted due to defense counsel's negligent failure to file his pretrial statement at least six days before the pretrial conference. There, as here, the omission was unintentional, and the other side was not prejudiced. In Travelers we held that the facts did not warrant such a severe sanction. We hold the same here, particularly since counsel's failure to appear here was the result of a misunderstanding, whereas, in Travelers, counsel conceded that he had been duly warned of the deadline he had missed and of the fact that failure to strictly comply with the pretrial order would be grounds for having his pleadings stricken.
Accordingly, the trial court's order dismissing appellant's case against appellee is REVERSED and the cause REMANDED for further proceedings consistent with this opinion.
SCHEB and RYDER, JJ., concur.