DOWNEY, Judge.
Appellant, Carl Weissman, seeks reversal of a final judgment and final order of dismissal entered against him as a sanction due to his counsel’s failure to appear at trial. [1]
It appears that Weissman’s malpractice suit was set for trial on a two week docket beginning February 28, 1983. The case was not reached during the first week but on Tuesday, March 8, the trial judge’s judicial assistant[1] called Weissman’s office and advised counsel’s secretary that the case would proceed to trial on Wednesday morning at 9:30 a.m. Shortly thereafter, the judicial assistant called again and told counsel’s secretary that the case would not be tried on Wednesday and would be continued until July. The following day, Wednesday, Weissman’s lawyer went to Miami on business; he called his office about 3:00 p.m. and learned that the judge’s office had called around 11:00 a.m. to say that the trial was to commence at 2:00 p.m. that day. Upon calling the judge’s office, counsel learned his case had been dismissed! One further fact is relevant: another counsel of record for Weiss-man was notified just before 2:00 p.m. that the trial was to commence at that time. He was not lead counsel in this case and could not attend because he had a scheduled matter about to commence that day. All of the foregoing facts were set forth in a motion to set aside the order of dismissal and supporting affidavits; the motion was denied.
The case law generally supports the proposition that dismissal as a sanction should be imposed only for wilfull disobedience of a court’s order or in other similarly extreme situations. Lifeguard Corp. v. U.S. Home Corp., 429 So.2d 94 (Fla. 2d DCA 1983); Smalley v. Layne, 428 So.2d 298 (Fla. 3d DCA 1983); Johnson v. Landmark Nat. Bank, 415 So.2d 161 (Fla. 4th DCA 1982). Cf. State v. Alfonso, 433 So.2d 1357 (Fla. 4th DCA 1983).
While conceding that the evidence does not demonstrate any wilfullness on the part of appellant’s counsel, appellees suggest that counsel should not have acted *1176 upon notification from the judge’s judicial assistant; counsel should have gotten the word from the “horse’s mouth.” We reject any such rigid standard and hold that notification from the judge’s judicial assistant that the case would be continued should suffice as an excuse for nonappearance at the scheduled time; at the least it suffices to preclude a finding of wilfullness. We hold that dismissal under these circumstances was an abuse of discretion.
Accordingly, the judgment appealed from is reversed and the cause is remanded with directions to reinstate the cause and proceed to trial.
REVERSED AND REMANDED, with directions.
ANSTEAD, C.J., and HERSEY, JJ., concur.

. In the Seventeenth Judicial Circuit judges’ secretaries are denominated judicial assistants.