481 So.2d 2 (1985)
Arthur LIVINGSTON, Jr., Appellant,
v.
STATE of Florida, DEPARTMENT OF CORRECTIONS, Roberto Miquel, M.D., and Dr. Phoung Vinh, Appellees.
No. BE-291.
District Court of Appeal of Florida, First District.
November 15, 1985.
Rehearing Denied January 28, 1986.
Aaron A. Green, Gainesville, for appellant.
Thomas L. Neilson, Tallahassee, for appellees.
MILLS, Judge.
Livingston appeals from the dismissal with prejudice of his negligence action, which was imposed as a sanction for his counsel's failure to comply with the terms of the trial court's pretrial order. We reverse and remand for further proceedings.
In December 1980, Livingston sued the Department of Corrections and two of its physicians for the alleged negligent treatment of an injury to his right hand. The order for pretrial conference was issued on 4 June 1984. It required Livingston to serve his witness and documents lists on 17 July; they were not served until 3 August, and complete addresses were not forthcoming until 20 September. Livingston's counsel failed to attend the 28 September attorney's conference, requiring it to be rescheduled to 2 October. The proposed jury instructions and verdict form, due 18 September, were not received until 28 September. *3 The pretrial stipulation, due 10 October, was hand-delivered on 15 October, the date of the pretrial conference.
On 28 September, the Department of Corrections filed a motion for dismissal and sanctions, alleging counsel's failure to appear at the attorney's conference or to provide the proposed instructions. The other derelictions of Livingston's counsel were aired at a hearing on the motion held on 15 October. The motion was granted on 13 December dismissing Livingston's suit with prejudice.
Pretrial procedure is governed by Fla.R.Civ.P. 1.200. The use of dismissal as a sanction is specifically permitted only for failure to attend the pretrial conference, Rule 1.200(c), an offense not alleged herein, but a court may dismiss a case as a sanction for failure to comply with any legitimate order. Lifeguard Corp. v. U.S. Home Corp., 429 So.2d 94 (Fla.2d DCA 1983). While the exercise of this authority is discretionary, it must be kept in mind that dismissal is a drastic remedy which should be used only in extreme situations. Lifeguard, supra, citing Flaska v. Little River Marine Construction Co., 389 F.2d 885 (5th Cir.1968), cert. den. 392 U.S. 928, 885 S.Ct. 2287, 20 L.Ed.2d 1387 (1968).
In Travelers Insurance Co. v. Rodriguez, 357 So.2d 464 (Fla.2d DCA 1978), a default judgment was granted based on the defendant's failure to timely furnish a pretrial statement pursuant to the pretrial order. The appellate court reversed holding that while counsel's failure subjected him to sanctions, it should not "serve as a predicate upon which to punish the litigant." Travelers, supra, citing Crystal Lake Golf Course, Inc. v. Kalin, 252 So.2d 379, 381 (Fla. 4th DCA 1971). The Travelers court also relied on Beasley v. Girten, 61 So.2d 179 (Fla. 1952), wherein the Supreme Court stated:
The court unquestionably has power to discipline counsel for ... failure to meet the requirements of the [pretrial procedure] rule. [It] may warrant a citation for contempt or a lesser degree of punishment, but it is our view that the major punishment for such delicts should ordinarily be imposed on counsel rather than on the litigant. Dismissal "with prejudice" in effect disposes of the case, not for any dereliction on the part of the litigant, but on the part of his counsel.
Beasley at 180-181.
Therefore, a determination that a trial court has abused its discretion in dismissing a cause of action based on counsel's procedural failures requires weighing the severity and prejudicial effect of counsel's actions against the loss to the innocent litigant of his cause of action. Here, it is not disputed that, although late in complying with every date set by the pretrial order, Livingston's counsel was in compliance therewith by the date of the pretrial conference. Further, the Department of Corrections has shown no substantial prejudice resulting to it from counsel's derelictions. Under the circumstances of this case, the trial court abused its discretion in dismissing Livingston's cause of action with prejudice.
Reversed and remanded for further proceedings.
SMITH and THOMPSON, JJ., concur.