ORFINGER, Judge.
The issue on appeal is whether the trial court abused its discretion in dismissing plaintiffs’ action for failure to file an amended complaint within the time limited by the court. Finding no abuse of discretion, we affirm.
Plaintiffs/appellants filed an action for damages on March 26, 1985. On May 14, 1985, appellees, defendants below, moved to dismiss the complaint, and on June 17, 1985 served interrogatories and a request to produce. On March 17, 1986, no discovery having been made by appellants, appellees moved to compel production and answers to interrogatories. On October 21, 1986, the trial court entered an order granting appellees’ motion to dismiss and granted appellants 30 days within which to serve an amended complaint. The order also granted appellees’ motion to compel, and ordered appellants to comply with the discovery requests within 30 days.
Approximately one year later, appellants filed their amended complaint and a few days thereafter appellees moved to dismiss the cause for failure to comply with the October 21, 1986 order. At that time the discovery requests had not been complied with, notwithstanding the October 21, 1986 order which required appellants to comply within 30 days. Appellants’ attorney then filed an affidavit, claiming excusable neglect because of a breakdown in his diary system. Each party filed a memorandum of law on the requested dismissal, following which the court entered the order appealed from. Appellants moved for rehearing, both parties filed additional legal mem-oranda, after which the trial court denied rehearing, finding that dismissal was warranted under Florida Rule of Civil Proce *975 dure 1.420(b) and that the reasons given for the delay were insufficient to prevent dismissal.
Florida Rule of Civil Procedure 1.420(b) provides for involuntary dismissal for failure to comply with any rule or order of the court.[1] Involuntary dismissal is the defending party’s remedy for failure of the plaintiff to further plead and may be used for any failure of the adverse party to comply with a rule or a court order. H. Trawick, Trawick’s Florida Practice and Procedure, § 21-5, p. 278 (1987). The rule has been applied in upholding the trial court’s discretion in dismissing for failure to amend a pleading within the time limit set by the court. See, e.g., New River Yachting Center v. Bacchiocchi, 407 So.2d 607 (Fla. 4th DCA 1981) (seven months late), pet. for review denied, 415 So.2d 1360 (Fla.1982); Neida’s Boutique, Inc. v. Gabor, & Co., 348 So.2d 1196 (Fla. 3d DCA 1977) (approximately three weeks late); E & E Electric Contractors, Inc. v. Singer, 236 So.2d 195 (Fla. 3d DCA 1970) (63 days late); Miami Auto Auction, Inc. v. Friendly Enterprises, Inc., 257 So.2d 69 (Fla. 3d DCA 1972) (65 days late); Lasley v. Cushing, 244 So.2d 770 (Fla. 1st DCA 1971) (13 months late). Here, the appellants clearly did not comply with the court order requiring that an amended complaint, if one was to be filed, be filed within 30 days from the date of the order, and the trial court had the discretion to dismiss the action for an egregious violation of that order.
Appellants next contend that they were entitled to a noticed hearing prior to the entry of an order of dismissal, in accordance with Rule 1.420(b), supra. The rule provides that “[n]otice of hearing on the motion shall be served as required under Rule 1.090(d).” See Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So.2d 51 (Fla. 3d DCA 1982). Here, however, both parties fully argued their respective positions on the motion in the form of legal memoranda submitted to the trial court. The record does not reflect a request for a hearing nor any objection based on the lack of such hearing. Neither did appellants raise the lack of a noticed hearing in their motion for rehearing. Because appellants had ample opportunity to present their position to the court in the written memorandum filed, and could have requested an oral hearing during the three month period between the time appellees' motion to dismiss was filed and the entry of the order of dismissal, but did not, we conclude that there was no prejudice and that failure to give notice of a hearing on the motion was waived. The order appealed from is therefore
AFFIRMED.
SHARP, C.J., and DAUKSCH, J., concur.

. Rule 1.420(b) provides in relevant part:
(b) Involuntary Dismissal. Any party may move for dismissal of an action or of any claim against him for failure of an adverse party to comply with these rules or any order of court. Notice of hearing on the motion shall be served as required under Rule 1.090(d) ...