## UNDERWRITERS ADJUSTING COMPANY, etc., et al. v TERMIN, et al.

### Case No. 89-276 AP (County Court Case No. 88-6323CC05)

Eleventh Judicial Circuit, Dade County

August 31, 1990

### APPEARANCES OF COUNSEL

**Joseph T. Robinson, Esquire,** for appellant.

**Luis E. Rivera, Esquire,** for appellee, Michelle Sanchez.

Before FULLER, ESQUIROZ, LEVINE, JJ.

### OPINION OF THE COURT

LEVINE, J.

On or about April 18, 1988, the Plaintiff filed a complaint against the Defendant Sanchez. The Defendant moved to dismiss this complaint. The trial court granted the motion to dismiss, but gave the Plaintiff fifteen (15) days to file an amended complaint. Nearly eleven

months later, Plaintiff filed its amended complaint. At the Defendant's request, the trial court dismissed the amended complaint with prejudice. This appeal followed.

The trial court found that Plaintiff had failed to comply with the original order of dismissal by waiting far too long to file its amended complaint. Florida Rule of Civil Procedure 1.420(b) provides that the court may dismiss an action for failure of a party to comply with any order of court. It is well established that a trial court may, in its discretion, dismiss an action with prejudice, under this rule, for failure of a plaintiff to file an amended petition within the time allotted by the court. *Allstate Insurance Co. v Montgomery Ward,* 538 So.2d 974 (Fla. 5th DCA 1989); *Neida's Boutique, Inc. v Gabor and Co.,* 348 So.2d 1196 (Fla. 3d DCA 1977); *Miami Auto Auction, Inc. v Friendly Enterprises, Inc.,* 257 So.2d 69 (Fla. 3d DCA 1972). We cannot say in this case that the trial court abused its discretion.

AFFIRMED.

FULLER and ESQUIROZ, JJ., concur.