603 So.2d 602 (1992)
Carolann D. KOZEL, Appellant,
v.
D. Steven OSTENDORF, D.P.M., Appellee.
No. 91-00174.
District Court of Appeal of Florida, Second District.
July 24, 1992.
Kelley A. Finn of Kelley Finn Law Offices, P.A., Miami, for appellant.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for appellee.
McDONALD, RANDALL G., Associate Judge.
Carolann Kozel appeals an order of the circuit court which dismisses her medical malpractice complaint with prejudice. We affirm.
The order under review is actually the second dismissal in the case. Initially the circuit court, upon a finding that the complaint failed to allege a cause of action, dismissed without prejudice to refile.[1] The first order of dismissal allowed Kozel a twenty-day period within which to amend her complaint; that time period was extended another ten days by agreement of the parties. Nevertheless, Kozel, without *603 first seeking permission of the court, delayed filing her amended complaint until over five months past the due date established by the order and extension. The circuit court then entered the second order of dismissal, this time with prejudice.
As pointed out by the dissent, dismissal is a harsh sanction. Even so, we believe that it is within the discretion of a trial court to dismiss a complaint when the plaintiff fails to timely file an amendment after being directed to do so. That is, before reversing such a dismissal this court must be convinced that the trial court abused its discretion. See, e.g., Johnson v. Landmark First Nat'l Bank, 415 So.2d 161 (Fla. 4th DCA 1982); Neida's Boutique, Inc. v. Gabor & Co., 348 So.2d 1196 (Fla. 3d DCA 1977), cert. denied, 366 So.2d 883 (Fla. 1978). Particularly given the extreme delay in amending the complaint, and the lack of any showing that the delay was solely the fault of counsel, we are not persuaded that dismissal was an abuse of discretion.
Affirmed.
HALL, A.C.J., concurs.
ALTENBERND, J., dissents with opinion.
ALTENBERND, Judge, dissenting.

I.
With encouragement from the supreme court, this court has, in my opinion, a well-established tradition of discouraging sanctions that simply cause a party to sue its lawyer for malpractice. See Beasley v. Girten, 61 So.2d 179 (Fla. 1952); Ramos v. Sanchez, 375 So.2d 51 (Fla. 2d DCA 1979); Anthony v. Schmitt, 557 So.2d 656 (Fla. 2d DCA 1990), approved, Del Duca v. Anthony, 587 So.2d 1306 (Fla. 1991); Wilson v. Woodward, 602 So.2d 547 (Fla. 2d DCA 1992). Sanctions should be calmly measured and objectively imposed. When a claim is dismissed with prejudice due to the neglect of a plaintiff's attorney, the amount of the sanction is not easily measured. The cost of the sanction may often be very great for both the client and the lawyer. The attorney may ultimately pay an enormous judgment, essentially as a fine for non-contemptuous conduct. From my perspective, such a sanction does not seem objective, and from a client's viewpoint it must seem vindictive.
I agree that trial courts must have discretion to impose appropriate sanctions. Discretion to sanction, however, like any other discretionary decision, must be exercised within a framework which assures that logic and reason support the discretionary decision. The framework should identify the relevant factors that are typically important in making the discretionary decision. It should be a framework used by all trial courts. It is the responsibility of the appellate courts to provide such frameworks to assist the trial courts within their jurisdiction. The majority's opinion fails to assure such a framework and permits unguided discretion.
Although sanction cases are influenced by factual issues, the majority's opinion seems to be in conflict with Clay v. City of Margate, 546 So.2d 434 (Fla. 4th DCA), review denied, 553 So.2d 1164 (Fla. 1989). Perhaps the supreme court can review the conflicting body of case law in this area and establish a meaningful statewide framework to guide trial courts in their task of fairly sanctioning parties and their attorneys for various acts of malfeasance and disobedience. The remainder of this dissent is essentially the opinion that I would have this court issue.

II.
Carolann D. Kozel appeals the dismissal with prejudice of her medical malpractice complaint against D. Steven Ostendorf, D.P.M. Her amended complaint was dismissed with prejudice because it was filed approximately five months late. Although the failure of Ms. Kozel's counsel, Kelley A. Finn, to respond timely to the court order may well warrant a substantial sanction against the attorney, I conclude that dismissal of the client's lawsuit with prejudice was not necessary in this case to fulfill any objective of judicial administration or to punish any willful or deliberate disobedience *604 of a court order. "The sanction of dismissal had the effect of punishing the litigant too severely for an act or failure on the part of [her] counsel." Clay v. City of Margate, 546 So.2d 434 (Fla. 4th DCA), review denied, 553 So.2d 1164 (Fla. 1989). See also Beasley v. Girten, 61 So.2d 179 (Fla. 1952). Thus, I would reverse the order of dismissal as an abuse of discretion, and remand this case for further proceedings.
On July 25, 1989, the plaintiff filed her complaint against Dr. Ostendorf. The complaint alleged in some detail extensive podiatric treatment that Dr. Ostendorf had provided to Ms. Kozel between November 1986 and October 1987. Although the complaint did not allege acts of malpractice with equal detail, it did allege that Dr. Ostendorf had not used an appropriate level of care and that he had "negligently and incorrectly operated on plaintiff numerous times leaving plaintiff permanently disabled."
Dr. Ostendorf moved to dismiss the complaint on several grounds, including failure to state a cause of action and failure to comply with the presuit investigation requirements of section 766.203(2), Florida Statutes (1989). An order granting the doctor's motion to dismiss with leave to amend was entered on January 12, 1990. The order gave the plaintiff an opportunity to file an amended complaint within 20 days. Ms. Kozel's attorney obtained an oral extension for the filing of the amended complaint until February 15, 1990. The amended complaint was not filed until July 23, 1990, or 158 days after the expiration of the stipulated period. The amended complaint was similar to the first complaint, but alleged that a verified opinion had been obtained from another doctor pursuant to section 766.203(2), Florida Statutes (1989).
Dr. Ostendorf moved to dismiss the complaint because it did not sufficiently allege his negligence and because it had been untimely filed. The motion did not request sanctions or a dismissal with prejudice. Plaintiff's attorney responded with a motion for leave to file the untimely amended complaint on grounds that she had delayed the filing because her client had undergone additional surgery that would impact upon the allegations. The trial court granted the motion to dismiss, and dismissed the complaint with prejudice because plaintiff's attorney delayed filing the amended complaint without obtaining permission from the court. On appeal, the plaintiff challenges both the dismissal of the initial complaint and the dismissal with prejudice of the amended complaint.
First, it was not error for the trial court to dismiss the initial complaint with leave to amend. Although the complaint may have arguably alleged a cause of action, it was vague, poorly drafted, and could have been substantially improved by amendment.[2] While it would have been error for the trial court to dismiss the initial complaint with prejudice, the trial court had the discretion to require plaintiff's counsel to draft a complaint that would better facilitate subsequent proceedings in the case. See Countryside Christian Center, Inc. v. City of Clearwater, 542 So.2d 1037 (Fla. 2d DCA 1989).
The dismissal of the amended complaint with prejudice is a more difficult issue. There are numerous cases, especially older cases, holding that a trial court has the discretion to dismiss an amended complaint when the plaintiff fails to timely file the amendment. Reynolds v. Deep South Sports, Inc., 211 So.2d 37 (Fla. 2d DCA 1968); National Shawmut Bank v. Woodard, *605 220 So.2d 636 (Fla. 3d DCA), cert. denied, 225 So.2d 917 (Fla. 1969); E & E Elec. Contractors, Inc. v. Singer, 236 So.2d 195 (Fla. 3d DCA), cert. dismissed, 239 So.2d 827 (Fla. 1970); Neida's Boutique, Inc. v. Gabor and Co., 348 So.2d 1196 (Fla. 3d DCA 1977), cert. denied, 366 So.2d 883 (Fla. 1978); New River Yachting, Inc. v. Bacchiocchi, 407 So.2d 607 (Fla. 4th DCA 1981), review denied, 415 So.2d 1360 (Fla. 1982); Johnson v. Landmark First Nat'l Bank, 415 So.2d 161 (Fla. 4th DCA 1982). There are also many cases in which appellate courts have reversed trial courts for imposing the ultimate sanction of dismissal with prejudice when that penalty was not commensurate with the offense. Beasley; Lifeguard Corp. v. U.S. Home Corp., 429 So.2d 94 (Fla. 2d DCA 1983); Tri Star Invs., Inc. v. Miele, 407 So.2d 292 (Fla. 2d DCA 1981); Turner v. Anderson, 376 So.2d 899 (Fla. 2d DCA 1979); Ramos v. Sanchez, 375 So.2d 51 (Fla. 2d DCA 1979); In re Ulm's Estate, 345 So.2d 1099 (Fla. 2d DCA 1977); Clay; Livingston v. State, Dep't of Corrections, 481 So.2d 2 (Fla. 1st DCA 1985); Stresscon Int'l, Inc. v. Ralph Merritt Dev. Corp., 368 So.2d 384 (Fla. 3d DCA), cert. denied, 378 So.2d 347 (Fla. 1979).
Especially in this era of "time standards,"[3] I fully empathize with the trial court's frustration when a lawyer allows a case to languish. This problem, however, can be controlled in most instances by imposing appropriate sanctions directly against the tardy attorney without dismissing the client's claim with prejudice. This court, for example, has a published order giving attorneys notice that it will impose sanctions, including fines and public reprimands, for attorney misconduct. In re Order as to Sanctions, 495 So.2d 187 (Fla. 2d DCA 1986). It would be entirely appropriate in this case for the trial court to sanction plaintiff's counsel for her inaction and for the administrative delay that she has created in the court system.
From a review of the above-cited case law, I conclude that a trial court should consider at least five relevant factors before dismissing a complaint with prejudice due to an attorney's misconduct: 1) whether the attorney's disobedience was willful, deliberate or contumacious, as compared to an act of neglect or inexperience; 2) whether the attorney has failed to learn from prior sanctions; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the defendant through undue expense, loss of evidence or in some other fashion; and 5) whether the delay created significant problems for judicial administration. The complaint should be dismissed only if the trial court determines that a lesser punishment would fail to achieve a just result in light of these factors.
In this case, none of the factors supports a dismissal with prejudice. No one argues that Ms. Finn's disobedience was worse than an act of simple neglect or inexperience. If she was waiting for the results of her client's further surgery, she should have filed a motion to stay the proceeding or to extend her time to file an amended complaint. Her failure to take this step is certainly neglect, but nothing in this record would support a finding of willful disobedience. There is no evidence that she has been previously sanctioned for this type of behavior. There is no evidence that her client was at fault in this delay. At oral argument, the defense counsel could not suggest any significant prejudice that had been caused to the defendant because of this delay. Finally, while this delay may have caused some modest additional judicial expense, this problem does not appear to warrant a dismissal with prejudice rather than a lesser sanction.
The practical outcome of a dismissal with prejudice as a sanction should be squarely confronted. When a trial court dismisses a plaintiff's complaint with prejudice because of the neglect of plaintiff's counsel, one of two results is achieved. Either the plaintiff never gets a day in court and the merits of the cause are never tested, or the plaintiff gets a day in court against her former attorney. If the plaintiff never gets her day in court, she is punished for *606 conduct she did not cause or even encourage. If a malpractice lawsuit is filed, it is more complex and difficult than the underlying lawsuit for both the client and the court. The original defendant's conduct is still on trial. Requiring an attorney to pay for a subsequent malpractice lawsuit and any judgment rendered therein, especially in the absence of contemptuous conduct by the attorney, is a severe sanction for an act of delay or simple neglect. Neither of these results seems acceptable except in circumstances warranting an extreme sanction. This case does not present such circumstances.
NOTES
[1] Although Kozel also argues this ruling was erroneous, we agree with the circuit court that the complaint was deficient.
[2] There is no transcript of the hearing on the motion to dismiss and the order concerning the initial dismissal does not explain the reasons for dismissal. From the discussions at oral argument, it appears probable that the trial court dismissed the complaint primarily because the plaintiff failed to allege compliance with section 766.203(2), Florida Statutes (1989). Plaintiff's counsel failed to argue in the trial court or in this court the applicability of this statute, but I note that the statute was created in 1988 and only applies to causes of action accruing after it became law on July 5, 1988. Ch. 88-1, § 50, 86, Laws of Fla. From this record, it does not appear that the plaintiff's cause of action accrued after that date. Ironically, Ms. Finn's compliance with this statute will make the trial court's chosen sanction, i.e., a possible malpractice action against her, even more severe since it is now "certified" by an expert that the plaintiff's claim against the doctor was meritorious.
[3] Fla.R.Jud.Admin. 2.085(d).