WOLF, Judge.
The appellant raises two points on appeal: (1) Whether the trial court erred in dismissing amended count V for failure to state a cause of action in its August 24, 1987, order; and (2) whether the trial court erred in dismissing count V with prejudice in its June 20, 1991, order. Appellant conceded at oral argument that if we found no error as to point one, it was unnecessary for us to address point two. Since we find that appellant’s amended complaint failed to state a cause of action for breach of contract, we determine that the trial court properly dismissed the complaint. We, therefore, affirm as to issue I and do not reach the merits of issue II.
Appellant’s amended count V was a breach of contract action based on a contract between appellant, Striton Properties, Inc., and appellee, City of Jacksonville Beach Community Redevelopment Agency (CRA). The cause of action was based on the failure of the CRA to reimburse appellant for certain expenses incurred as a result of performance of the contract. The contract (attached to the complaint) provided, however, that payment of expenses only became due 60 days after a demand for payment with appropriate supporting documents had been made. The complaint failed to allege that such a demand had been made.
On April 9, 1987, the trial court dismissed count V of the complaint with leave to amend within 20 days. Appellant chose not to amend.[1] Therefore, dismissal of the complaint with prejudice was appropriate. See Neida’s Boutique, Inc. v. Gabor and Co., 348 So.2d 1196 (Fla. 3d DCA 1977), cert. denied, 366 So.2d 883 (Fla.1978). We find no error in the trial court’s dismissal in light of the failure of the complaint to adequately allege a breach of the agreement between the parties. Affirmed.
KAHN, J., concurs.
ZEHMER, J., concurring with written opinion.

. The delay in addressing this issue involves a complicated set of procedural maneuvers, in-eluding a prior appeal, which need not be discussed in this opinion.