PER CURIAM.
This case arises out of a complaint filed by 52 inmates against the Florida Department of Corrections (DOC), in which the plaintiffs claim they suffered from carbon monoxide poisoning as a direct result of DOC’s negligent installation or maintenance of hot water heaters at a prison facility. Counsel for plaintiffs has had a difficult time, to say the least, in keeping track of his various clients, as they have been transferred among Florida’s various prison facilities. Discovery has been difficult and frustrating for DOC, and, as a result, DOC has moved on at least five occasions for an order of dismissal, alleging, inter alia, that plaintiffs have failed to file witness and document lists, failed to appear for depositions without any notice, failed to respond to a request for production, failed to answer interrogatories, failed to list any witnesses who could testify as to the essential elements of their complaint, and failed to comply with the trial court’s order of July 22, 1991, ordering plaintiffs to contact their counsel immediately and indicate their intent to prosecute the case and timely respond to discovery. On August 20, 1991, at a pretrial conference, the trial judge on the record addressed claims of 27 plaintiffs which should be dismissed, and identified 12 plaintiffs who should have another chance to comply with discovery. The 13 remaining plaintiffs were not addressed at that hearing. On August 28, 1991, the trial court entered an order which named the 12 plaintiffs who had “maintained contact and have cooperated with ... counsel” and then proceeded to dismiss all other named plaintiffs “for willful dis *876 regard of the orders of this court.” Accordingly, 40 plaintiffs were dismissed. We reverse, because our review of the record indicates that 13 of the original named plaintiffs were not addressed by the court or the parties at the pretrial conference conducted prior to entry of the order of dismissal.[1]
The problems presented to a judge trying to administer this type of lawsuit are apparent; however, “dismissal is a drastic remedy which should be used only in extreme situations.” Livingston v. Dep’t of Corrections, 481 So.2d 2, 3 (Fla. 1st DCA 1985). The trial court did not abuse its discretion in dismissing those plaintiffs specifically identified on August 21, 1991, as having failed to respond to the court’s earlier order,[2] as deceased,[3] and whose letters were returned[4] or whereabouts were unknown.
Because the 13 plaintiffs identified in footnote 1 of this opinion were never discussed by counsel or the court, and accordingly, no findings have ever been made as to these plaintiffs, dismissal was premature as to their claims. Consequently, the order appealed from is VACATED as to these 13 plaintiffs and REMANDED to the trial court for consideration as to whether any or all of these claims should be dismissed. Counsel for the plaintiffs, and, to the extent possible, counsel for DOC, are directed to provide the trial court with all information necessary to allow the trial court to comply with this remand,
ZEHMER, WOLF and KAHN, JJ., concur.

. These 13 are: Frank Black, Michael Capehart, Ronald E. Jones, Larry Oliver, Herbert Portee, David Roney, R.L. Sanuel, Reginold Scott, Willie Simmons, Ivelea Soley, John Charles Turner, Johnny Walton, and James Whitfield.

. Andre Asbury, Bruce Black, David Blackburn, Hester Buckley, Patrick Chastain, Charles Davis, Ronald Hutchins, Jeffrey Jones, Ladson M. Preston, Michael Robinson, Eddie Rumph, Jesse Stoval, R.E. Weyerhausin, Myron White, and Frank Worthen.

. James Dodd, David Gender, Calvin Harper, and Jasper Robinson.

. Joseph P. Esposito, Terry W. Hardy, Danny F. Mackey, William Rudding, John H. Sanders, Larry Simpson, Michael Stanton, and Bennie Jackson.