GRIFFIN, Judge,
concurring specially.
I write with some embarrassment to confess that I do not understand footnote two of the supreme court’s opinion in Kozel, and I am a little worried about how it will be interpreted. The supreme court recently took the trouble to revise this footnote, so obviously they understand it, but it has me stumped. The court observes:
[Wjhen the circumstances involve the dismissal of the plaintiffs complaint, there are no similar notice requirements. The rules of civil procedure do not require the defendant to file a motion for default or the court to notify the plaintiff that an *1092 application for default is pending. Granted, the plaintiff is aware of the filing deadlines and is responsible for the action that she initiates. Nevertheless, dismissal is an unusually harsh sanction when neither the court nor the defendant is required to notify the plaintiff that dismissal is pending.
629 So.2d at 818. The footnote suggests that a plaintiff who fails to timely amend is not entitled to notice and a hearing prior to dismissal. While it is certainly true that Florida Rule of Civil Procedure 1.500, which deals with defaulting defendants, does, not make provision for a plaintiffs failure to timely amend, there is a substantial body of case law holding that notice to a plaintiff in such circumstances is required under Rule 1.420. Sekot Laboratories, Inc. v. Gleason, 585 So.2d 286 (Fla. 3d DCA 1990); Allstate Ins. Co. v. Montgomery Ward, 538 So.2d 974 (Fla. 5th DCA 1989); Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So.2d 51 (Fla. 3d DCA 1982). Moreover, given the whole tenor of the court’s opinion and the nature of the six factors announced, any decision to dismiss with prejudice would have to be based upon evidence taken at a noticed hearing. How else, for example, would the court determine the reason for the late filing and whether the lateness was justifiable? Whatever footnote two means, I do not believe it means that a plaintiff who fails to meet a court’s time limit to amend a complaint is subject to dismissal with prejudice without notice' or hearing.