774 So.2d 68 (2000)
Julia KING, Appellant,
v.
J. Dennis MACALEER, Karen Macaleer, and Cori Macaleer, Appellees.
No. 2D99-4482.
District Court of Appeal of Florida, Second District.
November 15, 2000.
Rehearing Denied December 11, 2000.
Arthur Liebling of Arthur Liebling, P.A., Clearwater, for Appellant.
H. Shelton Philips of Kaleel & Kaleel, P.A., St. Petersburg, for Appellees.
BLUE, Acting Chief Judge.
Julia King seeks reversal of the order dismissing her personal injury lawsuit for failure to comply with the trial court's discovery orders. We conclude that Kozel v. Ostendorf, 629 So.2d 817 (Fla.1993), requires us to reverse, although the failures of Ms. King's attorney may warrant sanctions upon remand.
We appreciate the frustration of the trial judge who held numerous hearings on the Macaleers' requests for enforcement of discovery and Ms. King's attorney's failure to comply. The record reveals that much of the problem resulted from a disagreement between the parties' attorneys over the technical requirements necessary to comply with discovery requests, rather than simply a case of ignoring the requests. The attorney for Ms. *69 King believed he had furnished complete information while the Macaleers' attorney contended the information was not in the form required by the rules. The attorney for the Macaleers was vehement in insistence on conformance with technical requirements of their discovery requests.
Unfortunately for Ms. King, the attorney representing her lost most of the arguments over requirements to comply with the requests for discovery. It was more unfortunate that the attorney failed to recognize the lost battle until the war ended with the dismissal of Ms. King's lawsuit. To the credit of this attorney, at oral argument he acknowledged that all the failures to comply with discovery were his fault and were in no way attributable to Ms. King.
We in no way condone the conduct of the attorney in this case nor do we disagree with the trial court's conclusion that the "failure to comply was willful and intentional and in complete disregard of the Court's order." This, however, is only one of the factors that the supreme court advised trial courts to consider when ruling on a motion to dismiss as a sanction. The factors to be considered were adopted in large part from Judge Altenbernd's dissent in Kozel v. Ostendorf, 603 So.2d 602, 605 (Fla. 2d DCA 1992). The factors are:
1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience;
2) whether the attorney has been previously sanctioned;
3) whether the client was personally involved in the act of disobedience;
4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion;
5) whether the attorney offered reasonable justification for noncompliance; and
6) whether the delay created significant problems of judicial administration.
Kozel, 629 So.2d at 818.
Of particular importance to our decision is the lack of any record indication that Ms. King, the client, was personally involved in the act of disobedience or was even aware that her lawsuit was in danger of being dismissed.[1] Although the trial court provided sufficient warning of the impending dismissal, it does not appear that Ms. King knew of the problem. We conclude that the trial court's determination of sanctions should have been governed by the principle that "[a party] should not be made to suffer the loss of viable claims due to [its] attorney's malfeasance where there is no evidence in the record to indicate that [the party] personally engaged in misconduct." Walicki v. Waste Management, Inc., 703 So.2d 1095, 1096 (Fla. 2d DCA 1997).
We conclude that dismissal of Ms. King's action for damages was, in this case, too harsh a sanction; accordingly, we reverse the order of dismissal and remand for further proceedings.
Reversed and remanded.
SALCINES and DAVIS, JJ., Concur.
NOTES
[1] Although not required, we would suggest that in situations such as this case, a trial judge might want to require the attendance of a party at a hearing so they can be made aware of the problem. This provides the client with the information they need to instruct their attorney to comply with the court's orders or the opportunity to seek alternate counsel to prevent their case from being dismissed. We believe that the failure of the client to take any action, after being placed on such notice, would personally involve the client in the act of disobedience.