PARKER, Acting Chief Judge.
Neekeada Woodall is the parent and natural guardian of Justin Issac Gardner, a child who suffered severe and permanent injuries during his birth or immediately thereafter. Woodall appeals the trial court’s order dismissing her complaint for damages associated with Justin’s injuries against Hillsborough County Hospital Authority d/b/a Tampa General Hospital (the Hospital) for Woodall’s attorney’s failure to comply with presuit discovery requests. Even in the face of severe negligence on the part of the attorney representing Woo-dall in the trial court, we are compelled by existing case law to reverse.
Marón E. Lovell, Esquire, the attorney representing Woodall in the trial court, served notices of intent to initiate litigation on twenty-one prospective defendants, including the Hospital, on April 24, 1998. On April 30, 1998, the Hospital sent a letter to Mr. Lovell requesting copies of relevant medical records and other necessary documentation. The Hospital followed up with a second letter to Mr. Lovell in June 1998. When Mr. Lovell responded to neither, the Hospital, in a commendable fashion, sent a third letter by certified mail, return receipt requested, enclosing copies of the two earlier letters and advising Mr. Lovell that his lack of response prevented the Hospital from conducting a good-faith investigation into Woodall’s allegations. The Hospital also noted that the ninety-day investigative period[1] was rapidly winding down.
On July 23, 1998, the ninety-day presuit discovery period expired, and the Hospital sent a certified letter to Mr. Lovell which denied Woodall’s claim. Finally, in August 1998 Mr. Lovell attempted to comply with all of the Hospital’s requests. Woodall filed suit in September 1998, and the trial court subsequently granted the Hospital’s motion to dismiss Woodall’s complaint as a sanction for failing to comply with the Hospital’s requests for presuit discovery.
There is no dispute that Mr. Lo-vell’s office received all of the Hospital’s letters listed above. Mr. Lovell responded to every other potential defendant who requested discovery except the Hospital. In failing to respond to the Hospital, he completely “dropped the ball.” Although Mr. Lovell has claimed that his staff was responsible for the failure to respond to the Hospital, since the staff members in question are not attorneys, the burden of responding falls squarely on Mr. Lovell’s shoulders. We agree with the trial court’s conclusion that Mr. Lovell’s actions constituted “gross negligence” and that the Hospital was prejudiced by Mr. Lovell’s “flagrant violation” of the presuit investigation statute.
While we sympathize with the trial court’s frustrations, we are compelled to reverse because the current case law directs us not to punish Woodall for the discovery misdeeds of her attorney. In King v. Macaleer, 774 So.2d 68, 69 (Fla. 2d DCA 2000), this court reversed a trial court’s order dismissing a cause of action for failure to comply with discovery orders. The trial court had dismissed the plaintiffs cause of action after holding numerous hearings on the plaintiffs counsel’s failure to comply with discovery requests. The attorney’s refusal to comply stemmed from a disagreement over the technical requirements for compliance. Although this court did not “disagree with the trial court’s conclusion that the ‘failure to comply was *322 willful and intentional and in complete disregard of the Court’s order,’ ” it explained:
This, however, is only one of the factors that the supreme court advised trial courts to consider when ruling on a motion to dismiss as a sanction. The factors to be considered were adopted in large part from Judge Altenbernd’s dissent in Kozel v. Ostendorf, 603 So.2d 602, 605 (Fla. 2d DCA 1992). The factors are:
1) whether the attorney’s disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience;
2) whether the attorney has been previously sanctioned;
3) whether the client was personally involved in the act of disobedience;
4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion;
5) whether the attorney offered reasonable justification for noncompliance; and
6) whether the delay created significant problems of judicial administration.
Kozel, 629 So.2d at 818.
Of particular importance to our decision is the lack of any record indication that Ms. King, the client, was personally involved in the act of disobedience or was even aware that her lawsuit was in danger of being dismissed. Although the trial court provided sufficient warning of the impending dismissal, it does not appear that Ms. King knew of the problem. We conclude that the trial court’s determination of sanctions should have been governed by the principle that “[a party] should not be made to suffer the loss of viable claims due to [its] attorney’s malfeasance where there is no evidence in the record to indicate that [the party] personally engaged in misconduct.” Walicki v. Waste Management, Inc., 703 So.2d 1095, 1096 (Fla. 2d DCA 1997).
King, 774 So.2d at 69 (footnote omitted). See also Russell v. A.G. Edwards & Sons, Inc., 779 So.2d 452, 455 (Fla. 2d DCA 2000). Applying the Kozel factors to this case, only factor (5) supports the position of the Hospital. The other factors support Woodall.
At oral argument, appellant’s counsel, Mr. Blecke, recognized that the trial court had the authority to sanction Mr. Lovell for his less-than-adequate performance in the trial court. Although there is no acceptable excuse for Mr. Lovell’s actions in this case, he still gets the benefit of the case law endorsing the concept of punishing the attorney, not the client. We, therefore, reverse and remand this case for further proceedings and suggest to the trial court that sanctions against Mr. Lo-vell may be entirely appropriate in this case.
Reversed and remanded.
CASANUEVA, J., and DANAHY, PAUL W., (Senior) Judge, Concur.

. Section 766.106(3)(a), Florida Statutes (1997), provides, in pertinent part:
No suit may be filed for a period of 90 days after notice is mailed to any prospective defendant. During the 90-day period, the prospective defendant’s insurer or self-insurer shall conduct a review to determine the liability of the defendant. Each insurer or self-insurer shall have a procedure for the prompt investigation, review, and evaluation of claims during the 90-day period.... Each insurer or self-insurer shall investigate the claim in good faith, and both the claimant and the prospective defendant shall cooperate with the insurer in good faith.