# Third District Court of Appeal

## State of Florida

Opinion filed February 19, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0250
Lower Tribunal No. 19-16335
_____

**J. Patrick Buckley,**
Appellant,

vs.

**Frank A. Rubino, Individually and Frank A. Rubino, Esquire, P.A.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Gina Beovides, Judge.

J. Patrick Buckley, in proper person.

Ronald I. Strauss, Esquire, P.A., and Ronald I. Strauss, for appellees.


Before SCALES, GORDO and GOODEN, JJ.

GORDO, J.

J. Patrick Buckley ("Buckley") appeals a final order dismissing his complaint against Frank A. Rubino ("Rubino") with prejudice for failure to state a cause of action. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). For the reasons that follow, we affirm.

**I.**

In May 2019, while incarcerated, Buckley filed the underlying civil action against Rubino for breach of contract, fraud in the inducement and malicious representation based on ineffective assistance of counsel in his criminal case. In response, Rubino filed three motions to dismiss, asserting failure to state a cause of action, failure to join an indispensable party and lack of standing to sue.

In February 2023, the trial court conducted a hearing and orally dismissed the complaint without prejudice for not alleging a specific breach of contract or joining an indispensable party.[1] The court gave Buckley twenty (20) days to amend, to which he replied, "[i]n 20 days I can take care of that."

Buckley did not amend his complaint. In April 2023, Rubino moved to strike Buckley's pleadings for willfully disregarding the court's *ore tenus* order. The trial court issued a written order dismissing the complaint without prejudice, allowing Buckley twelve (12) days to amend and explicitly stating

---

[1] No written order was entered dismissing the complaint without prejudice.

2

"[n]o further extensions will be granted given the amount of time Plaintiff has been aware of the court's ruling." The hearing on the motion to strike the pleadings was reset and Buckley was duly notified.

Buckley never amended his complaint. In December 2023, the trial court held a hearing on the motion to strike the pleadings. Buckley's court reporter was in attendance but he did not appear. The court dismissed Buckley's complaint with prejudice, finding him in willful disregard of the court's orders. This appeal followed.

## II.

"While we review an order granting a motion to dismiss de novo, we review the trial court's granting of dismissal with prejudice versus without prejudice under an abuse of discretion standard." Pesce v. Morgan, 388 So. 3d 1107, 1108 (Fla. 3d DCA 2024).

## III.

On appeal, Buckley argues the trial court abused its discretion in dismissing his complaint with prejudice without providing an opportunity to amend.[2]

The record before us shows the trial court provided Buckley multiple opportunities to amend his complaint over a period of ten months. He failed

---

[2] We affirm the other issues raised without further discussion.

3

to comply with explicit court orders. Because Buckley was given adequate notice of what would happen in the event he failed to timely amend his complaint, we find no abuse of discretion in the trial court's finding that his noncompliance was indeed willful. See Fla. R. Civ. P. 1.420(b) ("Any party may move for dismissal of an action or of any claim against that party for failure of an adverse party to comply with these rules or any order of court."); Schindler v. Bank of N.Y. Mellon Tr. Co., 190 So. 3d 102, 103 (Fla. 4th DCA 2015) ("Although this court has recognized that dismissing a case with prejudice is a drastic remedy which courts should employ only in extreme situations . . . a trial court has the discretion to dismiss an action for an egregious violation of an order requiring that an amended complaint be filed within a certain time frame . . . prior to exercising its discretion to grant dismissal based on failure to comply with a court order, the court must make a finding that the failure to comply was willful or contumacious. Here, the order of dismissal stated that it was entered because [Plaintiff] chose not to timely file an amended complaint, thereby satisfying the requirement of an express written finding that [Plaintiff's] noncompliance was indeed willful. [Plaintiff's] argument that it was not properly notified that the order would act as a dismissal with prejudice is without merit. A trial court cannot dismiss a case with prejudice under rule 1.420(b) for failure to amend if it has not first

4

notified the offending party of the consequences of failing to amend. In the instant case, it is clear from the record that [Plaintiff] was given adequate notice of what would happen in the event that it failed to timely amend its complaint. In its penultimate order of dismissal that gave leave to amend, the trial court warned the parties that a failure to amend the complaint would result in a dismissal . . . .") (internal quotation marks and citations omitted); Allstate Ins. Co. v. Montgomery Ward, 538 So. 2d 974, 975 (Fla. 5th DCA 1989) ("Involuntary dismissal is the defending party's remedy for failure of the plaintiff to further plead and may be used for any failure of the adverse party to comply with a rule or a court order. The rule has been applied in upholding the trial court's discretion in dismissing for failure to amend a pleading within the time limit set by the court. Here, the appellants clearly did not comply with the court order requiring that an amended complaint, if one was to be filed, be filed within 30 days from the date of the order, and the trial court had the discretion to dismiss the action for an egregious violation of that order.").

Affirmed.